CLAYTON WALLACE V. THE STATE.

No. 22607. Delivered November 3, 1943.
Rehearing Denied January 5, 1944.

The opinion states the case.

*H. H. Cooke,* of Wellington, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the State penitentiary for a term of eight years.

There are no bills of exception in the record complaining of the admission or the exclusion of any evidence. However, the appellant, in due time, addressed two objections to the court's main charge. We have examined the charge in the light of the objections addressed thereto and reached the conclusion that they are without merit. Consequently the only matter for this court to determine is the sufficiency of the evidence to sustain the conviction.

It appears from the record that the appellant, a married man, took the prosecutrix to a park in the town of Wellington on the night of June 6, 1942, and then and there, with her consent, had an act of sexual intercourse with her, she being then and there over the age of fifteen and under the age of eighteen years and not his wife; that thereafter, on the 18th day of July, he again, with her consent, had an act of sexual intercourse with her; that a child was born unto her on the 18th day of April, 1943.

Appellant did not testify but sought to prove that the prosecutrix had theretofore had sexual intercourse with another man. This she denied.

It will be noted from the foregoing brief statement that an issue of fact was raised which the jury, who are the sole and exclusive judges of the facts proven, the credibility of the witnesses and the weight to be given to their testimony, decided adversely to him, and we would not be authorized to disturb their conclusion of his guilt.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that his defensive theory of previous unchastity of the prosecutrix was not affirmatively submitted to

the jury. With this contention we cannot agree, for the jury was instructed to the effect that, if it believed or entertained a reasonable doubt that, prior to such time (June 6, 1942), the prosecutrix had had carnal intercourse with the defendant or any other person, to acquit him. Under the facts, this was a sufficient presentation of the defensive theory mentioned.

Appellant insists that, notwithstanding the fact that no exception was reserved to the charge of the court, the failure to present to the jury the defense of alibi was, nevertheless, reversible error. Conceding, only for the purpose of this discussion, that such defense was raised by the testimony, the failure to reserve an exception to the charge precludes considering the question, under the express provisions of Art. 658, C. C. P.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.