## M. T. COOPER V. THE STATE.

No. 22619. Delivered November 10, 1943.
Rehearing Denied January 5, 1944.

The opinion states the case.

*Shelburne H. Glover,* of Jefferson, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful transportation of whisky in a dry area is the offense; the punishment, eight months' confinement in jail.

Appellant and Eugene Crittenden purchased, jointly, 47 one-half pints of whisky and 12 bottles of wine, from a package store in Gregg County, where it was lawful to sell such intoxicants. The whisky and wine were loaded into the automobile of Haggerty, who was asleep in the car. A representative of the Texas Liquor Control Board witnessed the purchase and loading of the whisky and wine into the car, and saw the car drive away, with Critttenden doing the driving and with appellant and Haggerty in the car. The agent followed the car, until it passed into Harrison County, a dry area, and, when the car was some mile or mile and a half into Harrison County, he stopped the car and arrested the occupants thereof. In the car, he found 105 one-half pints of whisky and 12 bottles of wine, which he seized, and which were introduced in evidence upon the trial.

Haggerty, testifying in behalf of the State, admitted the ownership of the car, and said that Crittenden had agreed to pay him $4.00 for the use of the car in making the trip. He testified that he fell asleep before reaching Longview and did not awaken until the arrest and search of the car. The foregoing is the State's testimony.

Crittenden testified for appellant, and admitted that the whisky and wine belonged to Haggerty and himself. He completely exonerated appellant of any connection with the ownership or transportation of the whisky. He explained appellant's act of delivering some of the purchase money to the package store operator by saying that appellant did this as an accommodation to Haggerty and himself (Crittenden), because the package store operator would not sell more than a case of whisky to any one person.

Appellant, testifying as a witness in his own behalf, denied any interest in the whisky, and asserted that his presence and conduct in the package store was that as testified by Crittenden.

The facts showing that appellant was a passenger in an automobile transporting liquor in a dry area, with the purchase of some of which liquor he was directly connected, are sufficient to sustain his conviction for the unlawful transportation thereof. Pruett v. State, 117 Tex. Cr. R. 273, 35 S. W. (2d) 718; Riddle v. State, 109 Tex. Cr. R. 258, 4 S. W. (2d) 56; Prescott v. State, 95 Tex. Cr. R. 412, 254 S. W. 1119.

It must be remembered also that the offense for which appellant stands convicted is that of a misdemeanor, and that, in such cases, all parties participating in the commission thereof are principals. Cozine v. State, 87 Texas Crim. Rep., 92, 220 S. W. 102; Stone v. State, 133 Tex. Crim. Rep., 527, 112 S. W. (2d) 465.

The exceptions and objections to the court's charge appearing in this record not having been approved by the trial judge, same are not considered.

Appellant complains of argument of State's counsel to the jury, wherein he said: "The defendant is an experienced hand at this business." The appellant contends that such argument was a reference to, and an attack upon, his character. The trial court qualifies the bill of exception by showing that the language above quoted, when considered along with other argument, was a legitimate discussion of certain facts in evidence. As qualified the bill of exception fails to reflect error.

The qualification to the other bill of exception complaining of argument of State's counsel shows that the argument complained of was provoked and invited by argument of appellant's counsel. The bill of exception having been accepted as so qualified, appellant is bound thereby, and the bill of exception fails to reflect error.

The other bills of exception appearing in the record have been examined, and same are overruled without discussion.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant asserts that we erred in affirming the judgment of the trial court in the original disposition of this case because the evidence introduced by him showed that he purchased some of the whisky for Crittenden and paid for it with money given to him by Crittenden for that purpose. This was appellant's theory, as raised by his evidence, but the State introduced evidence to the effect that Crittenden, Haggerty and the appellant appeared at a package store in Longivew, where an agent of the Texas Liquor Control Board saw them buy whisky and wine; that he observed appellant paying for some of the liquor as well as Crittenden; that he saw them load it into an automobile and then leave. It will be noted that an issue of fact was raised and this the jury decided adversely to him. Had the jury accepted appellant's version of the transaction then they, no doubt, would have acquitted him. Appellant insists that all the liquor in the automobile belonged to Crittenden, as shown by his evidence, and that he had no knowledge what Crittenden intended to do with the liquor, a matter peculiarly within the knowledge of Crittenden. Here, he again loses sight of the fact that he paid for part of the whisky; that he was in the automobile with Crittenden and Haggerty when they were overtaken in Harrison County by an agent of the Texas Liquor Control Board. Appellant was as much in possession of the liquor as his companions which would justify the conclusion that they were acting together in the purchase, as well as in the transportation, of the liquor. We do not deem it necessary to discuss the question further, as we have already written on the subject at greater length than we should have done.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.