PAUL BYRNES V. STATE.

No. 26,578. November 4, 1953.

*Enos T. Jones*, Floydada, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the unlawful transportation of whiskey in a dry area; the punishment, a fine of $250.00.

The case was tried before the court without the intervention of a jury.

The sheriff and his deputy testified that they apprehended the appellant and one Vernon Byrnes in an automobile; that they found lugs containing 24 fifths of whiskey on the back seat of the automobile; that the appellant was the driver thereof, who, being questioned, admitted that the lugs contained whiskey and stated that he and his brother had gone to Amarillo

for it. The officers testified further that Vernon told them that the automobile and the whiskey belonged to him.

The appellant, testifying in his own behalf, stated that his brother Vernon had come to the house in Plainview where he was and asked him to "ride over here" with him; that he did not know that the whiskey was in the car until they got to Lockney; that he then noticed the packages in the back, and his brother told him that they contained whiskey; that they were arrested northwest of Floydada; and that he had not driven the automobile at any time that night.

Appellant's wife testified that he had not gone to Amarillo on the day in question.

Appellant in his brief challenges the sufficiency of the evidence to sustain the conviction because the state's witnesses testified that Vernon Byrnes had admitted the ownership of the automobile and the whiskey.

The trial court had the right to accept the state's evidence that the appellant was the driver of the automobile and had stated that he and his brother had gone to Amarillo for the whiskey and reject appellant's testimony on these points.

In Cooper v. State, 146 Texas Crim. Rep. 483, 176 S. W. 2d 578, we supported a conviction where the accused was neither the owner nor the driver of the automobile in question but had been connected with its purchase.

There are no bills of exception in the record, and we find the evidence sufficient to support the conviction.

The judgment of the trial court is affirmed.