**Robert REYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38015.**

Court of Criminal Appeals of Texas.

March 31, 1965.

Brown & Shuman, by Clifford W. Brown, Lubbock (On Appeal Only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is assault with intent to commit murder with malice; the punishment, 10 years confinement in the Texas Department of Corrections.

The state's testimony reflects that the injured party, Benny Maestas, was at East Park in Amarillo, Texas, on a Sunday afternoon with two friends, Freddy Sandoval and Frank Galvan. Appellant came up in a car, accompained by Ernest Ocana and Guadalupe Lujan. Appellant asked Maestas to get in the car and after the injured party complied, appellant asked him if he had a knife. The injured party did not

have a knife with him. Appellant then pulled out a .22 revolver and said that something was going to happen to Maestas, that he was going to shoot him. The driver of the car, Ocana, stopped at an intersection, and the injured party jumped out and appellant shot him in the back, resulting in a two day stay in the hospital by the injured party.

The state adduced further testimony from Dr. Maurice N. Levy, whose qualifications as an expert were stipulated, who testified that he examined the injured party at the hospital and found three wounds, two in the margin of the right hip bone, approximately 3 inches apart and one to the side and rear of the hip bone, about ⅛th inch in circular size. The other wound was by the side and to the front of the hip bone. The doctor also related that there was another wound ⅛th inch in diameter just below the tip of the left shoulder blade.

Appellant called Ernest Ocana as a witness. Ocana testified that he saw the injured party, the appellant and Ysidero Alvarez the night before in a night club and that Ysidero and the appellant had a few words and Ysidero pulled out a gun but appellant said that he did not want to fight. The witness related that appellant started running and Ysidero fired four times. Ocana stated that he was driving appellant's car when the injured party came up and appellant told Maestas (the injured party) that he did not want to have anything to do with him. The injured party told appellant that they were friends and that he wanted a ride with appellant to his aunt's home. Maestas then got in the car and pulled a knife on appellant after the car had traveled about 3 blocks. The two men then started wrestling. Ocana related that he then stopped the car and Benny (the injured party) opened the door, or it came open, and Benny got out or fell out and Robert was "kind of hanging out a little with the gun, and the gun went off, and I saw Benny running."

Appellant did not testify.

■ We find the evidence sufficient to sustain the jury's verdict.

By formal bill of exception appellant contends that reversible error was committed by the assistant district attorney during the state's argument.

"* * * I can not believe there is any possibility that although he shot with intent to kill that he did it without malice. I believe in my opinion that he did it strictly with malice. He intended to kill him. If they had gotten beyond 10th and Ross Streets and out in the 'sticks' some place he would have been a dead man, and we would be in here trying Robert Reyes for murder with malice aforethought instead of assault with intent to kill."

"I really believe that is about all I have to say about the case. I just wanted simply to point out those facts to you. I know you have heard all the testimony; I know you will weigh it and give it your judgment; you don't have to believe any particulaw witness; you can believe part of what some witness says; you can take Ocana's testimony and dump the whole thing for all that's worth. You don't have to believe one word that Ocana said when he came in here today before you. But I do say to you, this, I that you are under your sworn obligation as jurors, to enforce the law of the State of Texas if you believe this man is guilty."

"I believe, myself, in my opinion, that he is guilty of murder, and I believe he is guilty * * *."

"Mr. Carnahan: If the Court Please, we have an objection to make in the absence of the jury—"

"The Court: Well, make your objection."

"Mr. Carnahan: We move for a mistrial at this time * * *."

"The Court: Overrule the motion. I will instruct the jury that they will

not consider the statement of the District Attorney as to what he believes. What he believes is immaterial and irrelevant."

"Mr. Carnahan: We except to the ruling of the Court."

"Mr. Mulloy: I stated, Your Honor, I believed it in my opinion, my personal opinion."

"The Court: Well, it don't make any difference what your opinion is."

In Thom v. State, 167 Tex.Cr.R. 258, 319 S.W.2d 313, the prosecution was for assault with intent to murder. The assistant district attorney argued that in his opinion the defendant deliberately shot down a police officer in the coldest blood, and it was held not reversible error where the trial court sustained the objection to the statement and instructed the jury not to consider it.

In Junior v. State, Tex.Cr.App., 307 S.W.2d 262, the conviction was for assault with intent to murder; the district attorney stated that he believed the defendant guilty. The court instructed the jury not to consider such remark, and it was held not to be reversible error. See Texas Digest, Crim.Law, Vol. 12, ▉▉▉ 1 Branch's 2d 382, p. 402.

▉ In the present case, not only did the court instruct the jury not to consider the statement of the district attorney as to what he believed, but what he believed was immaterial and irrelevant and the court further stated that it didn't make any difference what his opinion was.

In view of the instruction not to consider it and the statements of the trial court, no reversible error is shown.

▉ Appellant's able counsel has filed an exhaustive brief in support of his contention that the trial court fell into error by the manner in which he charged the jury. It is his contention that the trial court in effect commented upon the weight of the evidence; that he failed to charge upon the law of self-defense and that the trial court assumed in his charge that the appellant committed an assault upon the alleged injured person. Appellant's contentions are not in compliance with Art. 658, Vernon's Ann.C.C.P. and are without merit as he did not present his objections to the court's charge in writing. By his failure to do so this complaint is not before us for review. Howell v. State, 171 Tex.Cr.R. 545, 352 S.W.2d 110; Wallace v. State, 146 Tex.Cr.R. 518, 176 S.W.2d 570; Cooper v. State, 146 Tex.Cr.R. 483, 176 S.W.2d 578.

Finding no reversible error, the judgment is affirmed.