Bobby Wade DARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 39693.

Court of Criminal Appeals of Texas.

June 15, 1966.

Rehearing Denied Oct. 12, 1966.

Robert E. White, John Y. Cassell, Dallas, for appellant.

Henry Wade, Dist. Atty., Scott Bradley, E. John Emmett and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The conviction is for an aggravated assault upon a police officer; the punishment, two months in jail and a fine of $200.

Judgment was rendered on May 4, 1965, and notice of appeal given by appellant on June 18, 1965.

Officer Johnny Duncan Steinsick, the injured party, testified that he was employed as a patrolman for the Mesquite police department; that on the night in question, while on duty and in uniform and writing a speeding ticket, he received a radio call to go to apartment #46 of the Hilltop Arms in Mesquite; that in response to the call he proceeded to the address of the apartment and was met downstairs at the front by Cathy Dark, a young girl twelve years old, who, at the time, was screaming and hysterical; that after a conversation with the girl he followed her upstairs to apartment

#46 and entered after she opened the door and invited him in; that after he entered the apartment he observed appellant standing in a doorway; that he asked appellant what the trouble was and appellant replied: " 'There is no trouble here' "; that appellant's wife then called from another room and said: " 'Officer, please come up here' "; that he then went with appellant and Officer Sprague, who had arrived upon the scene, into a bedroom where appellant's wife was; that when they entered the room the wife stated that when she came home from work at 11 o'clock she found appellant drunk and that "he started beating on her and that she wanted him out of the apartment." Officer Steinsick stated that when he asked her if she would sign a complaint and she said: " 'Yes,' " the appellant then hit him with his right fist and broke his nose. After striking him on the nose, appellant tried to again hit the officer but the blow was partially blocked and landed on Officer Sprague, who had come to his rescue. A struggle then ensued between appellant and the two officers which ended in the living room when appellant was finally subdued and handcuffed while lying on the floor.

Officer Larry J. Sprague, of the Mesquite police department, testified that in response to a disturbance call he went to the apartment on the night in question, arriving at about the same time as Officer Steinsick. Officer Sprague testified that he and Officer Steinsick were met by the young girl and admitted into the apartment by her, and corroborated Officer Steinsick's testimony relative to the events and the assault thereafter committed by appellant upon the injured party.

Testifying in his own behalf, appellant stated that on the night in question he had been drinking and that he and his wife did have a difficulty but not of a serious nature. He testified that he first saw the officers in the living room of the apartment and his daughter standing behind them and that after they had gone to the bedroom he said to the officers: " 'Just don't touch me

and I will go with you,' " and Officer Steinsick then "reached up and took me by the shoulder" and "Then I hit him." Appellant stated that he was not afraid of the officers and swore, in substance, that—at the time—he was protecting his home and family.

Cathy Dark, appellant's stepdaughter, upon being called as a witness, testified that it was she who called the police but that it was one of the officers, and not she, who opened the door to enter the apartment.

In submitting the issue of appellant's guilt to the jury, the court instructed the jury on the right of appellant to use such force as was reasonably necessary in preventing or interrupting an intrusion upon the lawful possession of his property.

By their verdict of guilty, the jury rejected appellant's defensive testimony.

We find the evidence sufficient to sustain the jury's verdict, and overrule appellant's contention that his conviction cannot stand because it is based upon evidence illegally obtained as the result of an unlawful entry and search of his home and his subsequent illegal arrest without probable cause and benefit of an arrest or search warrant.

No evidence was introduced against appellant that was obtained as the result of an arrest or search.

By bill of exception # 1, appellant complains that the court erred in making a certain comment in the presence and hearing of the jury while discussing a requested charge presented by appellant.

The bill was approved by the court, with the qualification that the court "refuses to certify that such discussion was made in the hearing of the jury." The bill, as qualified, does not present error.

By bill of exception # 2, appellant complains that the court erred in refusing his special requested charges # 1 through # 5.

■ Requested charge #1 was an instruction to the jury relative to appellant's right to control and protect his property and use all necessary and reasonable force to prevent an unlawful intrusion thereon. The refusal of such instruction was not error, in view of the instruction given by the court on the subject in the main charge. 31 Tex.Jur.2d 541, Sec. 32; Bond v. State, Tex.Cr.App., 345 S.W.2d 520; Clayton v. State, Tex.Cr.App., 361 S.W.2d 385.

■ Requested charges #2, 3, and 4 were instructions relative to arrest and search and were not warranted under the testimony.

■ Requested charge #5 was an instruction on the right of appellant to act in self-defense.

Such defense was not raised by the evidence, as appellant swore that at the time of the assault he was not afraid of the officers.

■ Certain purported objections to the court's charge appearing in the transcript are shown by the certificate of the trial judge not to have been presented to the court in writing prior to the time the charge was read to the jury, as required by Art. 658, Vernon's Ann.C.C.P., and they therefore present nothing for review. Howell v. State, Tex.Cr.App., 352 S.W.2d 110; Reyes v. State, Tex.Cr.App., 388 S.W.2d 433.

■ By formal bill of exception #3 appellant insists that the court erred in permitting Officers Sprague and Steinsick to relate certain statements made by appellant's wife on the night in question, in violation of Art. 714, C.C.P.

We find no error in the bill, as the court correctly admitted the testimony showing the wife's statements, under the rule of res gestae. Johnson v. State, 95 Tex.Cr.R. 269, 252 S.W. 554.

■ By bill of exception #5, appellant complains of certain jury argument of state's counsel when in his closing argument he stated that the " 'defendant would be in the brig if he were in the Marines now.' "

The bill, as qualified by the trial judge, certifies that prior to the closing argument, counsel for appellant "had discussed the defendant's service in the Marines where he had then learned the lesson of protecting his Country and protecting his Home" and that the court overruled appellant's objection. We perceive no reversible error in the bill, as the argument appears to have been in response to argument of appellant's counsel.

Other contentions presented by appellant have been considered and are overruled.

The judgment is affirmed.

Opinion approved by the court.