**Jose Hilario MARTINEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–85–461–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Patrick McGuire, Corpus Christi, for appellant.

Mark DeKoch, Dist. Attorney's Office, Corpus Christi, for appellee.

Before DORSEY, UTTER and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

The trial court found appellant guilty of second-degree aggravated kidnapping and assessed his punishment at 10 years in the Texas Department of Corrections. In four grounds of error, appellant contends that the indictment is fundamentally defective and that the evidence is insufficient to sustain the conviction.

The indictment alleged that appellant "did then and there intentionally and knowingly abduct Gabriel Rivas with the intent to facilitate the [appellant's] flight after the commission of a felony to wit: aggravated assault ..." *See* TEX.PENAL CODE ANN. § 20.04(a)(3) (Vernon 1974).

Under Texas Penal Code Ann. § 20.04(b), aggravated kidnapping is defined as a felony of the first degree unless the actor voluntarily releases the victim alive and in a safe place, in which event, aggravated kidnapping is a felony of the second degree. Appellant argues that the indictment is fundamentally defective because it did not allege to which degree of the offense he was exposed. Appellant's argument is without merit. *Butler v. State*, 645 S.W.2d 820 (Tex.Crim.App.1983); *Smith v. State*, 541 S.W.2d 831 (Tex.Crim.App.1976). Appellant's first two grounds of error are overruled.

In appellant's third and fourth grounds of error, appellant contends the evidence is insufficient to sustain the conviction. He argues that the evidence failed to show (1) that his intent was to facilitate his flight after the commission of aggravated assault, and (2) that he intentionally or knowingly abducted Gabriel Rivas.

The evidence shows that, around 12:45 a.m. on October 15, 1981, Officer Green of the Corpus Christi Police Department went to a convenience store to investigate a vehicle parked nearby. Green observed three persons inside the car. As Green approached the vehicle, appellant, identified as the driver of the vehicle, "punched" the accelerator and sped away. Green pursued the vehicle in his patrol unit. During the pursuit, appellant fired four gunshots at the officer. The officer returned fire twice, apparently causing appellant to lose control of the vehicle and crash into a street sign. As the appellant's car and the pursuing police vehicle came to a stop, appellant and Green exchanged gunfire again. Thereafter, appellant fled on foot

across the Crosstown Expressway and was not apprehended.

The next morning, about 7:15 a.m., Gabriel Rivas found appellant hiding in his van which was parked outside his house. The house was located several blocks from the convenience store where Officer Green encountered appellant the night before. Appellant, pushing a gun against Rivas' ribs, forced Rivas into the van. Rivas testified that appellant wanted to know how to get out of town. Appellant, while driving the van, voluntarily released Rivas on a ramp to the Crosstown Expressway.

 Appellant argues that his abduction of Gabriel Rivas was not to facilitate his flight after the commission of the assault on Officer Green because he had already avoided arrest or detention some seven hours prior to the kidnapping. We disagree. The evidence shows that appellant hid in a van, abducted its owner at gunpoint, stole the van, and wanted directions to get out of town. The trial court did not err in finding that appellant's actions were a continuation of his flight the previous night. *See Thompson v. State*, 652 S.W.2d 770 (Tex.Crim.App.1981).

■ Appellant, relying on his own testimony that he was injured by Officer Green's gunfire and was the victim of involuntary drug ingestion, argues that the evidence fails to show that he intentionally or knowingly committed the kidnapping. He testified that he remembered Officer Green approaching his car but he could not remember anything about the kidnapping. He denied ever having a gun. The factfinder was able to accept or reject all or any part of any witness' testimony. *Hernandez v. State*, 538 S.W.2d 127 (Tex.Crim.App.1976). The trial court obviously chose not to believe appellant's version of not remembering anything about the kidnapping. Instead, the trial court was justified in finding that appellant intentionally or knowingly committed the kidnapping, inferring this intent from the acts themselves, his articulated desire to leave town, and appellant's ability to communicate with Rivas. Appellant's third and fourth grounds of error are overruled.

The judgment of the trial court is affirmed.