**Simon AREVALO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00581–CR.**

Court of Appeals of Texas,
San Antonio.

April 27, 1988.

verdict, but if you do not so believe or if you have a reasonable doubt thereof, you will find that the defendant did voluntarily release (victim) alive and in a safe place. M. McCOR-

MICK & T. BLACKWELL, TEXAS CRIMINAL FORMS AND TRIAL MANUAL § 94.03 (Texas Practice 1985).

Jeffrey Czar, Fegueroa, Rubio & Czar, Laredo, for appellant.

Joe Flores, Dist. Attys. Office, Laredo, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for aggravated kidnapping. TEX.PENAL CODE ANN. § 20.04(a)(5) (Vernon 1974). It is a companion case to *Miguel Arevalo v. State*, 749 S.W.2d 271 (Tex.App.1988).

During the first phase of the trial the jury found the appellant guilty of aggravated kidnapping and further found that he did not voluntarily release the victim alive and in a safe place. Appellant's punishment was assessed by the jury at twenty-five (25) years' confinement and a fine of $10,000.00.

In four points of error appellant complains of the charge submitted to the jury during the guilt-innocence phase, of prosecutorial misconduct during voir dire, and of the court's refusal to accept proffered mitigation testimony during the punishment phase. He does not complain of the sufficiency of the evidence. We affirm the judgment of conviction.

In his initial point of error appellant contends that the jury charge as submitted was defective in that it did not call for a separate finding on whether or not the victim was released alive and in a safe place. In his second point of error appellant complains that the charge gave the State two opportunities for obtaining a conviction for aggravated kidnapping.

The challenged paragraphs in the charge read as follows:

### V.

Now if you find from the evidence beyond a reasonable doubt that on or about the 7th day of March, 1986, in Webb County, Texas, the defendant SIMON AREVALO, did then and there knowingly abduct another person, to-wit: Guadalupe Martinez and without Guadalupe Martinez's consent did then and there restrain Guadalupe Martinez with intent to prevent liberation of Guadalupe Martinez by secreting and holding him in a place where he was not likely to be found with the intent to terrorize the said Guadalupe Martinez and you further find beyond a reasonable doubt that the defendant did not voluntarily release Guadalupe Martinez alive and in a safe place, you will find the defendant guilty of the offense of Aggravated Kidnapping and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of aggravated kidnapping and proceed to consider whether the defendant is guilty of a lesser included offense of aggravated kidnapping.

### VI.

Now if you find from the evidence beyond a reasonable doubt that on or about the 7th day of March, 1986, in Webb County, Texas, the defendant SIMON AREVALO, did then and there knowingly abduct another person, to-wit: Guadalupe Martinez and without Guadalupe Martinez's consent did then and there restrain Guadalupe Martinez with intent to prevent liberation of Guadalupe Martinez by secreting and holding him in a place where he was not likely to be found with the intent to terrorize the said Guadalupe Martinez and you further find beyond a reasonable doubt that the defendant did voluntarily release Guadalupe Martinez alive and in a safe place you will find the defendant guilty of the lesser included offense of aggravated kidnapping and so say by a verdict; but if you do have a reasonable doubt thereof, you will acquit the defendant of the lesser included offense of aggravated kidnapping and proceed to consider whether the defendant is guilty of the lesser included offense of kidnapping.

Though there are obvious imperfections in the above charge, we can only consider

those errors preserved below by objection or special requested instruction, TEX. CODE CRIM.PROC.ANN. arts. 36.14 & 36.15, or errors so egregious that the appellant was deprived of a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984).

Appellant's attorney adopted the objections voiced by the counsel for co-defendant Miguel Arevalo. They were merely repetitive of appellant's objections dictated to the reporter. Appellant complains that incorporating the issue of voluntary safe release of the victim into paragraphs V and VI "doesn't track the indictment ... and adds an additional element to the indictment in the charge ... It provides the State ... with two shots at the defendant." The appellant argued that the jury should be instructed to make a separate finding on release of the victim apart from the finding of guilt and referred the court to appellant's proposed charge.

The proposed charge instructed the jurors to make a separate finding on voluntary safe release of the victim. The proposed charge was basically flawed in that it only addressed the offense of kidnapping, whereas the appellant was charged with aggravated kidnapping.

■ No criminal defendant has a right to have a special issue submitted except in a capital case. *Stewart v. State,* 686 S.W.2d 118, 124 (Tex.Crim.App.1984). The request for a separate finding on voluntary safe release was properly denied. The argument that including the safe release issue in paragraphs V and VI did not track the indictment and added an element to the offense is without merit. The safe release issue is not an element that must be plead. *Smith v. State,* 541 S.W.2d 831, 838 (Tex.Crim.App.1976). It is a fact issue mandated by TEX.PENAL CODE ANN. § 20.04(b) requiring a finding by the trier of fact. *Thornbury v. State,* 699 S.W.2d 918, 921 (Tex.App.—Houston [1st Dist.] 1985, no pet.).

■ The additional argument that the charge as submitted gave the State two opportunities to convict for aggravated kidnapping is also meritless. The charge, though awkward, gave the jury one opportunity to return a general verdict of guilty of aggravated kidnapping with a finding that the appellant did not voluntarily release the victim. The next paragraph gave the jury the alternative opportunity to return a general verdict of guilty of aggravated kidnapping with a finding that the appellant did voluntarily release the victim.[1]

■ Though there are no Texas cases reversing an aggravated kidnapping case for submitting the issue of voluntary safe release during the guilt phase of the trial, since the issue relates only to punishment, the far better practice would be to submit the issue during the punishment phase. *See Brazile v. State,* 497 S.W.2d 302, 304 (Tex.Crim.App.1973) (Issue of malice in a murder trial). In *Wright v. State,* 571 S.W.2d 24, 25 (Tex.Crim.App.1978) the Court of Criminal Appeals approved in substance a charge submitting the issue in the jury charge on punishment. This authority was followed in *Thornburg v. State, supra* and *Williams v. State,* 718 S.W.2d 772, 773 (Tex.App.—Corpus Christi 1986, pet. granted). The appellant here did not object to the submission during the guilt phase, only that there was no separate submission.

Since the jury verdict stated that they found the appellant guilty of aggravated kidnapping and further found beyond a reasonable doubt that the appellant did not voluntarily release the victim alive and in a safe place, no harm amounting to reversible error is shown. *Almanza v. State, supra.* We conclude beyond a reasonable doubt that the error urged made no contribution to the conviction or the punishment. The first and second points of error are overruled.

■ In his third point of error appellant contends that the prosecutor's comments during voir dire that the victim was not present due to intimidation by appellant

---

1. Paragraph VI did erroneously place the burden on the defendant to prove he did release the victim alive and in a safe place. This was not objected to nor urged before this Court as error.

prevented appellant from selecting a fair and impartial jury.

The following colloquy occurred during the general voir dire of the jury panel:

\* \* \* \* \* \*

MR. CZAR (Attorney for appellant): Now, part of the right we all have, also, is the right to confront our accusers. In other words, the State will have to bring the accusers in to confront the defendant so the defendant has a chance to see his accusers in court.

Now, you all saw here today they're not here today. We don't know if they're here; we don't where—

MR. RIOS (State's attorney): Objection, Your Honor.

THE COURT: Sustained

MR. RIOS: He know why he was here— (Judge using gavel)

MR. RIOS: We ask the court to instruct the jury. He knows the purpose, reason, because of intimidation, Your Honor.

THE COURT: All right, counsel. That's a misstatement.

MR. CZAR: Your Honor, we ask that that—that the panel be asked to strike that response by the Assistant D.A. at this time, Your Honor, and we move for a mistrial at this time.

THE COURT: Mistrial is denied.

MR. ALVA (co-defendant's attorney): We join in that Motion, Your Honor.

THE COURT: Denied. All right. Let me advise the panel. The State has announced ready, that they're ready to go. They do not have to have their witnesses at this point. They told you who those witnesses are; that is enough. That is sufficient within the law, and they told you they're ready to go. Let's not state it, counsel. Let's go on.

MR. CZAR: As I stated to you, the victims are not present here today, and therefore the defendant's do not have the right on this occasion to meet—

MR. RIOS: Objection, Your Honor. Again, he's—

MR. CZAR: —the persons accusing.

THE COURT: All right, sustained, counsel. There's no right of confrontation at this time. Now let's go on.

In our opinion the point of error is without merit, and the trial court did not err in failing to grant a mistrial. Appellant has failed to show harm; he points out nowhere in the record where he was tried by an unfair jury as a result of the prosecutor's comments. Further, we refuse to conclude that the prosecutor referred to the absence of the complainant as due to intimidation by appellant or any other person. The prosecutor's only comment was that there was intimidation of someone. The prompt instruction by the court cured any possibility of harmful error. *Campos v. State*, 589 S.W.2d 424, 428 (Tex.Crim. App.1979).

■ In his final point of error, appellant contends that the court erred in refusing to permit testimony of appellant's relatives which was proffered by appellant during the punishment phase concerning appellant's "desire, potential and ability to rehabilitate." Appellant has failed to show how the exclusion of the testimony prejudiced or biased the jury assessment of punishment. The point of error is overruled.

The judgment of conviction is affirmed.

ESQUIVEL, Justice, dissenting.

I would reverse the judgment of conviction.

In his initial point of error and in his second point of error appellant contends that the jury charge as submitted over his timely objection was defective and denied him a fair and impartial trial. In support of his contention appellant alleges that the charge as submitted gave the State two opportunities for obtaining a conviction of aggravated kidnapping and wrongfully made the issue of whether or not the complainant was released alive and in a safe place by appellant an element of the offense of aggravated kidnapping. I agree with appellant and would sustain his points of error numbers one and two.

The complained of paragraphs read as follows:

## V.

Now if you find from the evidence beyond a reasonable doubt that on or about the 7th day of March, 1986, in Webb County, Texas, the defendant SIMON AREVALO, did then and there knowingly abduct another person, to-wit: Guadalupe Martinez and without Guadalupe Martinez's consent did then and there restrain Guadalupe Martinez with intent to prevent liberation of Guadalupe Martinez by secreting and holding him in a place where he was not likely to be found with the intent to terrorize the said Guadalupe Martinez and you further find beyond a reasonable doubt that the defendant did not voluntarily release Guadalupe Martinez alive and in a safe place, you will find the defendant guilty of the offense of Aggravated Kidnapping and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of aggravated kidnapping and proceed to consider whether the defendant is guilty of a lesser included offense of aggravated kidnapping.

## VI.

Now if you find from the evidence beyond a reasonable doubt that on or about the 7th day of March, 1986, in Webb County, Texas, the defendant SIMON AREVALO, did then and there knowingly abduct another person, to-wit: Guadalupe Martinez and without Guadalupe Martinez's consent did then and there restrain Guadalupe Martinez with intent to prevent liberation of Guadalupe Martinez by secreting and holding him in a place where he was not likely to be found with the intent to terrorize the said Guadalupe Martinez and you further find beyond a reasonable doubt that the defendant did voluntarily release Guadalupe Martinez alive and in a safe place you will find the defendant guilty of the lesser included offense of aggravated kidnapping and so say by a verdict; but if you do have a reasonable doubt thereof, you will acquit the defendant of the lesser included offense of aggravated kidnapping and proceed to consider whether the defendant is guilty of the lesser included offense of kidnapping.

There is no lesser included offense of aggravated kidnapping to aggravated kidnapping as erroneously stated by the trial court in application paragraphs V and VI. TEX.PENAL CODE § 20.04(b) provides that the crime of aggravated kidnapping is a first degree felony. It further provides for a reduction of punishment by declaring the crime of aggravated kidnapping to be second degree felony if the kidnapper "voluntarily releases the victim alive and in a safe place." Even though this section differentiates between felony of the first degree and felony of the second degree by whether the victim was released alive and in a safe place we can not agree with the trial court that it creates the "lesser included offense of aggravated kidnapping." A lesser included offense is one composed of some, but not all, of the elements of the greater crime, and which does not have any element not included in the greater offense. BLACK'S LAW DICTIONARY 812 (5th ed. 1979). The elements of aggravated kidnapping are set out in section 20.04(a).

The submitted paragraphs, as worded, erroneously made the release of the victim alive and in a safe place an element of the offense of aggravated kidnapping. Paragraph V instructs the jury to find appellant guilty of aggravated kidnapping if they found, inter-alia, beyond a reasonable doubt that appellant "did not" voluntarily release the victim, Guadalupe Martinez, alive and in a safe place; paragraph VI instructs the jury to find appellant guilty of "the lesser included offense of aggravated kidnapping" if they found, inter-alia, beyond a reasonable doubt that appellant "did" voluntarily release Guadalupe Martinez, the victim, alive and in a safe place. Instruction number VI erroneously instructs the jury that if they "have a reasonable doubt" that the appellant did voluntarily release Guadalupe Martinez alive and in a safe place that they acquit the defendant of aggravated kidnapping. It is well settled that release of the victim alive and in a safe place is not an element of aggravated kidnapping. *See Butler v. State,* 645

S.W.2d 820, 823 (Tex.Crim.App.1983). Accordingly, the court erred in submitting paragraphs V and VI as worded.

It is well settled that the automatic reversal rule for "fundamental error" in the court's charge to the jury has been abolished by *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984). *Almanza* held that if there was a timely objection to an erroneous charge, reversal is required if the error was "calculated to injure the rights of the defendant" which means no more than there must be some harm. In the instant case there was a timely objection to the charge as submitted. I have therefore looked at the entire charge and find it to mislead the jury in applying the law to the facts and to be of a very confusing nature; I have looked at the evidence presented, including the contested issue of whether or not the victim was released alive and in a safe place; I have looked at the argument of counsel and the entire record including the punishment assessed by the jury and can reach no conclusion other than that the defendant was harmed by the submission of the erroneous charge. Had the charge concerning release of the victim been properly submitted it is very possible that a different result could have been reached by the jury which would have definitely affected defendant's guilt or innocence and his punishment if any were to be assessed.[1] I cannot conclude beyond a reasonable doubt that the error made no contribution to the conviction. TEX.R.APP.P. 81(b)(2). Appellant was denied a fair trial. Points of error one and two are sustained.

The judgment of conviction should be reversed and this cause remanded to the trial court for a new trial.

---

1. It would have been better to submit a charge on voluntary release as follows:

    If you have found the defendant guilty beyond a reasonable doubt of the offense of aggravated kidnapping, and you further find beyond a reasonable doubt that the defendant did not voluntarily release (victim) alive and in a safe place you will so state in your verdict, but if you do not so believe or if you have a reasonable doubt thereof, you will find that the defendant did voluntarily release (victim) alive and in a safe place. M. McCORMICK & T. BLACKWELL, TEXAS CRIMINAL FORMS AND TRIAL MANUAL § 94.03 (Texas Practice 1985).