Leavengood v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-309-CR





KEITH LYNN LEAVENGOOD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 39,787, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING



 






PER CURIAM



 A jury found appellant guilty of burglary of a building. Tex. Penal Code Ann. §
30.02 (1989). The trial court assessed punishment at imprisonment for ten years. We will affirm
the conviction.

 In point of error one, appellant argues that the trial court erred in granting the
State's motion to amend the indictment. The State alleged in its original indictment that appellant
burglarized a building owned by Donnie Ray Bradley. Before trial, the State moved to amend the
indictment to reflect that Ken Wilkinson owned the building. Tex. Code Crim. Proc. Ann. art.
28.10 (1989). The trial court granted the motion.

 Article 28.10(a) permits the State to amend a matter of form or substance in an
indictment, after notice to the defendant, any time before trial begins. To preserve error under
art. 28.10, a defendant must specifically object. Villalon v. State, 805 S.W.2d 588 (Tex. App.
1991, no pet.); see also Tex. R. App. P. Ann. 52(a) (Pamph. 1991). Appellant concedes that he
did not object to the State's motion to amend the indictment. Thus, appellant presents nothing for
review.

 Assuming appellant had objected, art. 28.10(c) would prohibit the amendment only
if the amended indictment charged a different offense or prejudiced substantial rights of appellant. 
To charge a "different offense" means to charge a different statutory offense. Flowers v. State, 
815 S.W.2d 724 (Tex. Crim. App. 1991). Changing an element of an offense, such as the
complainant's name in a theft indictment, does not charge a different offense. Id. at 728-29. 
Similarly, the amendment to this indictment changing the name of the owner of the burglarized
building did not charge a different offense. 

 To determine whether the amendment prejudiced appellant's substantial rights, this
Court must review the record. Id. at 729. However, appellant has failed to bring forward a
transcription of the hearing on the motion to amend the indictment. See Tex. R. App. P. Ann.
50(d) (Pamph. 1991). Without a statement of facts from the hearing, appellant cannot show error
requiring reversal. We overrule point one.

 In point of error two, appellant contends that the trial court erred in permitting his
ex-wife to testify in violation of the confidential communication privilege. Tex. R. Crim. Evid.
Ann. 504(1) (Pamph. 1991). In general, Rule 504(1) allows a person who has made a confidential
communication to his spouse while they were married to prohibit its disclosure. (1) Appellant
complains of the testimony of Catrina Canon, who was married to appellant when the offense
occurred. 

 Canon testified that at midnight just before the burglary, she and appellant were
driving around when they began to argue about money. Appellant drove into a gas station, took
a tire tool from the truck, and broke the window of the station's front office. He then leaned
inside and lifted out the cash register. Appellant threw the register into Canon's lap and said,
"Here's your money." Appellant objects only to Canon's testimony about his statement and not
to her description of his actions, which do not qualify as "communication." Sterling v. State, 814
S.W.2d 261 (Tex. App. 1991, pet. ref'd).

 Before the adoption of the Rules of Criminal Evidence, the admissibility of marital
communications in criminal trials was governed by 1973 Tex. Gen. Laws, ch. 399, § 2(A), at 972
(Tex. Code Crim. Proc. Ann. art. 38.11, repealed effective Sept. 1, 1986). (2) The court of
criminal appeals held under that statute that statements made by a defendant to his spouse during
the commission of an offense were not privileged communications, but were part of the res gestae
of the offense. Butler v. State, 645 S.W.2d 820 (Tex. Crim. App. 1983); see also Cole v. State,
88 S.W. 341 (Tex. Crim. App. 1905) (same result obtained under predecessor to Tex. Code
Crim. Proc. art. 38.11). 

 Apart from broadening the exceptions to the marital-communication privilege, Rule
504(1) largely incorporates the prior law concerning the privilege. See 33 Steven Goode et al.,
Guide to the Texas Rules of Evidence: Civil and Criminal §§ 504.1, .4 (Texas Practice 1988). 
The language of Rule 504(1) does not preclude treating appellant's statement as res gestae, and
we see no reason not to follow the holding in Butler. We therefore hold that appellant's statement
to Canon during the burglary was admissible as res gestae of the offense.

 In addition, Canon testified about each physical action that appellant took to commit
the burglary. We fail to see how admitting the verbal statement appellant made harmed him. 
Tex. R. App. P. Ann. 81(b)(2) (Pamph. 1991). We overrule point two.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: February 12, 1992

[Do Not Publish]

1. 

 [1]  Texas R. Crim. Evid. Ann. 504(1) (Pamph. 1991) provides:


(b) General Rule of Privilege. A person, whether or not a party, or the
guardian or representative of an incompetent or deceased person, has a
privilege during their marriage and afterwards to refuse to disclose and to
prevent another from disclosing a confidential communication made to his
spouse while they were married.
2. [2]  Former Tex. Code Crim. Proc. art. 38.11 provided in part:


Neither husband nor wife shall, in any case, testify as to communications made by
one to the other while married. Neither husband nor wife shall, in any case, after
the marriage relation ceases, be made witnesses as to any communication made
while the marriage relation existed except in a case where one or the other is on
trial for an offense and a declaration or communication made by the wife to the
husband or by the husband to the wife goes to extenuate or justify the offense.


1973 Tex. Gen. Laws, ch. 399, § 2(A), at 972.