Perry Wayne WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 58504.

Court of Criminal Appeals of Texas,
Panel No. 1.

Sept. 20, 1978.

Kerry P. Fitzgerald and Richard E. Harrison, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Gerald A. Banks, James Russ Ormesher and James G. Walker, Asst. Dist. Attys., Dallas, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated kidnapping, a first degree felony, V.T.C.A., Penal Code Sec. 20.04. Punishment was assessed by the jury at thirty five years.

Appellant initially entered a plea of not guilty, then during the course of the trial, after proper admonishments by the court pursuant to Article 26.13, V.A.C.C.P., he changed his plea to guilty and submitted the punishment question to the jury. From the admonishments it is clear that appellant was pleading guilty to the allegations of aggravated kidnapping in the indictment, and that he was at the same time reserving for presentation to the jury the punishment issue of whether the offense was a first or second degree felony under Sec. 20.04(b), which provides:

"An offense under this section is a felony of the first degree unless the actor voluntarily releases the victim alive and in a safe place, in which event it is a felony of the second degree."

 In his first ground of error appellant contends the trial court erroneously refused to define the term "safe place" in the punishment charge. On this issue the court charged the jury:

"An individual found guilty of aggravated kidnapping shall be punished by confinement in the Texas Department of Corrections for life or for any term of not more than 99 years or less than 5 years if the individual does not voluntarily release the victim alive and in a safe place.

"If the defendant voluntarily releases the victim alive and in a safe place the punishment shall be by confinement in the Texas Department of Corrections for any term of not more than 20 years or less than 2 years, and in addition to imprisonment you may assess a fine not to exceed $10,000.00.

"If you find from the evidence beyond a reasonable doubt that the defendant, or any party to the offense, as that term is hereinafter defined, did not voluntarily release the victim alive and in a safe place, then you will so state by your verdict and assess the defendant's punishment at confinement in the Texas Department of Corrections for life or for any term of not more than 99 years or less than 5 years.

"If you do find that the victim was voluntarily released by the defendant, or any party to the offense, as that term is hereinafter defined, alive and in a safe place, or if you have a reasonable doubt thereof, you will assess the defendant's punishment at confinement in the Texas Department of Corrections for any term of not more than 20 years or less than 2 years, and in addition to imprisonment you may assess a fine not to exceed $10,-000.00."

We approve this jury charge on the punishment issue of Sec. 20.04(b) in substance. One point that lacks total clarity in the third paragraph could be made clearer by changing its opening phrases to:

"If you find from the evidence beyond a reasonable doubt that the victim was not voluntarily released alive and in a safe place by the defendant or any party to the offense as that term is hereinafter defined, then you will . . ."

The preferred practice would also be to insert the actual names of the accused, alleged parties, and victim in the charge. None of these minor defects, however, are of a fundamental nature. With respect to the complaint that is raised, we hold "safe place" is a phrase commonly understood and an issue of fact, and the charge need not define it for the jury. The ground of error is overruled.

 Appellant next submits that the first degree punishment alternative should not have been submitted to the jury because the evidence shows as a matter of law that he was only guilty of the second degree aggravated kidnapping. He argues the evidence unquestionably shows that the

place of the victim's release was a "safe place." Accepting the assertions as true for purposes of argument, appellant's contention is without merit. Section 20.04(b), supra, provides for the lesser punishment range if "*the actor* voluntarily releases the victim alive and in a safe place." The victim here was released by the police after a phone call from another party to the crime.[1] Furthermore, even if such a phone call were a constructive release of the victim under the statute, an issue we do not decide here, there was a fact issue regarding appellant's participation in or refusal to support a phone call to the police revealing the victim's location. We hold the evidence did not establish that only a second degree aggravated kidnapping was committed and overrule the ground of error.

 In his last ground of error appellant argues that a witness's unresponsive answer referring to "a blackmail plot" required a mistrial. We find the court's instruction to the jury to disregard the answer was sufficient and that denial of his motion for mistrial was not error.

The judgment is affirmed.

---

1. The victim had been left in a wooded area where she had been tied up by appellant and his co-parties. After a phone call from another party to the crime, the police searched the area, found the victim and released her.