Linda Marie THORNBURG, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0542–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 31, 1985.

Jane Wynegar, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Richard Anderson, Jim Peacock, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and COHEN and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

A jury convicted the appellant of aggravated kidnapping and assessed her punishment at 50 years confinement. We affirm.

In March 1982, the appellant, an admitted prostitute, participated with a male acquaintance, Walter Ballard, in the abduction and sexual abuse of the complainant, a 10-year-old girl. After the two forced the complainant into an automobile, the appellant wrapped the complainant in a blanket and kept her hidden on the floor of the vehicle. The two kidnappers took the complainant to a house, where she was forced to undress and submit to sexual abuse. The complainant testified that while she was being physically restrained by the appellant, Ballard raped her, and that she was then forced to perform oral sex on the appellant. According to the complainant's testimony, the appellant voluntarily participated with Ballard in the sexual activity and appeared to be enjoying it. After the sexual encounter, the complainant was wrapped in a blanket and driven to an unfamiliar area, where she was released.

In five grounds of error, the appellant contends: (1) that a judgment of acquittal should have been entered in her favor because she established by a preponderance of the evidence that she had acted under duress; (2) that because of the proof of duress, the State failed to prove beyond a reasonable doubt a culpable mental intent to commit the act; (3) that the court should not have submitted a charge to the jury on the first degree offense of aggravated kidnapping, because the evidence unquestionably shows that the place of the complainant's release was a "safe place"; (4) that

the court's charge is fundamentally erroneous, because it failed to include a provision requiring the jury to make an express finding on the issue of "safe place"; and (5) that the trial court erred in refusing to admit into evidence certain written motions allegedly prepared by Walter Ballard on her behalf, which showed his continuing control and domination over her.

■■■ Duress is an affirmative defense, which the defendant must establish by a preponderance of the evidence. *Charles v. State*, 636 S.W.2d 5 (Tex.App.—Dallas 1982, pet. ref'd); Tex.Penal Code Ann. sec. 2.04(d) (Vernon 1974). The evidence must be such as persuades the factfinder that the defendant was subjected to such force or threat of force as would render a person of reasonable firmness incapable of resisting the pressure. Tex.Penal Code Ann. sec. 8.05(c) (Vernon 1974); *Robert v. State* 613 S.W.2d 291, 293 (Tex.Crim.App.1981). In a jury case, where the jurors are the exclusive judges of the facts and the credibility of the witnesses, *see Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App. 1981), the jury must decide whether the defense was established by a preponderance of the evidence.

The appellant testified that she had been living with Walter Ballard for about two years prior to the date of the offense. After being released from prison, she had been attracted to Walter Ballard because "he had made something of himself after being in the penitentiary for as long as he had." She said she wanted a home for herself and her children, and that she was living with Ballard and working 12–16 hours per day at a manufacturing company. On the day in question, the appellant accompanied Ballard to a restaurant grill in Houston, and upon leaving the restaurant, Ballard pulled a gun and told her she would be badly hurt if she did not do what he said. He told her he was going to kidnap one of the children who was playing nearby, and instructed her to stay in the car and to keep it running. Appellant then tried to run away, but Ballard ran after her

and taking her by the arm, led her back to the car. As the two were standing there, the complainant ran by, and Ballard grabbed the child and threw her in the front seat of the car with appellant. The appellant said that she feared Ballard, because he had often told her that he could not understand why criminals made the mistake of leaving witnesses after committing an offense. She admitted that she had participated in the kidnapping and sexual abuse of the complainant, but said she had done so only out of fear that Ballard would kill her if she did not assist him. She said she persuaded Ballard not to kill the complainant, but instead, to release the child at a remote location.

The jury was not required to accept the appellant's version of the facts, and the jury could reasonably have decided that the appellant voluntarily participated in the kidnapping and sexual abuse of the complainant. Indeed, the complainant testified that the appellant never argued with Ballard concerning her abduction or molestation, that she never heard Ballard threaten the appellant or saw Ballard point a gun at appellant, and that appellant never acted afraid, mad, or upset during the entire episode. She also testified that the appellant voluntarily engaged in and seemed to enjoy the sexual activity. We overrule appellant's first ground of error.

To establish that the appellant committed the offense of aggravated kidnapping, the State had the burden of proving beyond a reasonable doubt that she intentionally or knowingly abducted complainant with the intent to violate or abuse her sexually. Tex.Penal Code Ann. sec. 20.-04(a)(4) (Vernon 1974). The trial court correctly charged the jury that only if it found beyond a reasonable doubt that the appellant had committed the offense of aggravated kidnapping should it then consider whether appellant had acted under duress. The appellant's testimony, that she acted under duress, did not nullify the State's evidence that tended to show that she had "intentionally or knowingly" committed the crime. *See Patterson v. New York,* 432

U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). Under the evidence presented, a rational trier of fact could have decided that the State met its burden of proving beyond a reasonable doubt that the appellant possessed the necessary mental intent to commit the crime of aggravated kidnapping. We overrule appellant's second ground of error.

Aggravated kidnapping is a first degree felony unless the actor voluntarily releases the victim alive and in a safe place. Tex.Penal Code Ann. sec. 20.04(b). Whether the place of release constitutes a "safe place" is a fact question for the jury.

The complainant was released in the early morning hours, while it was still dark, in an unfamiliar neighborhood in Baytown. She was forced to knock on the door of a strange apartment, not knowing who resided there. A police officer testified that the neighborhood was not a safe environment for a 10-year old child at that time of night. The location was approximately 25 miles from the complainant's home. We find the evidence sufficient to support the jury's conclusion that the complainant was not released in a safe place, and we overrule the appellant's third ground of error.

We also overrule the appellant's fourth ground of error. There, the appellant contends that the trial court's charge is fundamentally erroneous because it failed to require the jury to make an express finding on whether the complainant was released in a "safe place."

The court charged the jury:

You are instructed that you are to find "True" the allegations of the enhancement paragraph of the indictment but if you further find that the child was released in a safe place, then you are instructed that you must now assess the punishment of the defendant at confinement in the Texas Department of Corrections for not less than five years nor more than ninety-nine years or life, in addition thereto, you may assess a fine not to exceed $10,000; if you find the child was not released in a safe place,

then you are instructed that you must now assess the punishment of the defendant at confinement in the Texas Department of Corrections for not less than fifteen years nor more than ninety-nine years or life.

■ Tex.Code Crim.P.Ann. art. 37.-07(1)(a) (Vernon 1981) provides that the verdict in every criminal case must be general. A defendant does not have the right to have special issues submitted to a jury in a criminal case, *Stewart v. State*, 686 S.W.2d 118, 124 (Tex.Crim.App.1984), and a charge similar to that submitted in the present case was approved in *Wright v. State*, 571 S.W.2d 24 (Tex.Crim.App.1978).

■ Finally, we hold that the trial court did not err in excluding the written motions allegedly prepared on appellant's behalf by Walter Ballard. The statements attributed to Ballard do not qualify as declarations against penal interest, because Ballard does not clearly admit that he committed the crime for which appellant was being tried. *See Munoz v. State*, 435 S.W.2d 500 (Tex.Crim.App.1968). Also, to be admissible under the declaration against penal interest rationale, the State must have relied solely on circumstantial evidence. *Ramirez v. State*, 543 S.W.2d 631, 632–33 (Tex.Crim.App.1976); *Ballew v. State*, 139 Tex.Crim. 636, 141 S.W.2d 654 (1940). In this case, the complainant positively identified appellant as one of the two persons who kidnapped and sexually assaulted her. Finally, Ballard's guilt was not inconsistent with appellant's guilt for the same offense. *See Perez v. State*, 590 S.W.2d 474, 480 (Tex.Crim.App.1979). We overrule appellant's fifth ground of error.

The judgment of the trial court is affirmed.