Randy WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–85–347–CR, 13–85–348–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1986.

Rehearing Denied Oct. 23, 1986.

Clinard J. Hanby, Haynes & Fullenweider, Houston, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before BENAVIDES, UTTER and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

In two separate indictments, appellant was charged with aggravated kidnapping and aggravated sexual assault. On appellant's motion, the cases were consolidated for trial, and a jury found appellant guilty of both offenses. The jury assessed punishment for each offense at life in the Texas Department of Corrections.

The facts of the case were disputed only as to the assailant's identity; however, the jury chose to disbelieve appellant's alibi witnesses and other defensive evidence. The record shows that late in the afternoon of January 18, 1984, appellant abducted a high school senior at knife point while she was getting into her car at Sunrise Mall in Corpus Christi. He forced her into her own car which he then drove to Seaside Memorial Cemetery. There, the young woman was forced to have sexual intercourse with appellant underneath some oleander bushes. When appellant completed his attack, he left the victim at Seaside Cemetery, telling her that she would find her car back at Sunrise Mall. The victim then walked to a nearby motel where her family and authorities were called. The entire incident consumed between forty minutes and one hour.

In his first three grounds of error appellant contends that the trial court erred in instructing the jury that aggravated kidnapping was a felony of the first degree. The legislature has provided that aggravated kidnapping may be either a first degree or second degree felony. TEX. PENAL CODE ANN. § 20.04(b) (Vernon 1974). This section provides:

(b) An offense under this section is a felony of the first degree unless the actor voluntarily releases the victim alive and in a safe place, in which event it is a felony of the second degree.

Thus, the punishment for the offense is controlled by whether the actor releases the victim alive and in a safe place. In the present case, the trial court instructed the jury as follows:

By your verdict, you have found the Defendant, RANDY WILLIAMS, guilty of Aggravated Kidnapping, a felony of the first degree. You will proceed now to assess punishment. In performing this task, you will be guided by these additional instructions.

1.

An individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Texas Department of Corrections for life or for any term of not more than 99 years or less than 5 years. In addition to imprisonment, an individual adjudged guilty of a felony of the first degree may be punished by a fine not to exceed $10,000.00.

Appellant did not object to the court's charge at trial or request any instructions concerning punishment. Appellant now contends on appeal that the trial court erred in instructing the jury that the offense was a first degree felony, and that this error is fundamental.

■ We agree with appellant that the trial court erred. Although there are few cases interpreting Sec. 20.04(b), the authority that exists from the Court of Criminal Appeals clearly places the burden upon the State to show that the victim was not voluntarily released alive and in a safe place.

*Wright v. State,* 571 S.W.2d 24 (Tex.Crim. App.1978). In *Wright,* the Court approved in substance a charge which required the State to show *beyond a reasonable doubt* that the victim was not released alive in a safe place before assessing punishment for a first degree felony.

In the present case, the State introduced evidence showing that the victim was released in a cemetery, while it was still daylight outside. The State argues, in its brief, that "a beaten and bloody seventeen year-old girl was left unclothed in the bushes of a cemetery on a cold and overcast January evening with no means of transportation" and that this was obviously not a safe place as contemplated by Sec. 20.04(b). In oral argument, the State also contended that the cemetery was not a safe place because a crime (the sexual assault) occurred at that location. The State argued that as a matter of law a place cannot be safe if a portion of the crime occurred there. We cannot agree with the State's analysis. By the State's logic, a hospital, church, or the victim's home would not be a "safe place" if the crime occurred at such a place.

In determining whether the actor released the victim in a safe place, we consider the following factors:

(1) the remoteness of the location;
(2) the proximity of authorities or persons who could aid or assist;
(3) the time of day;
(4) climatic conditions;
(5) the condition of the victim;
(6) the character of the location or surrounding neighborhood; and
(7) the victim's familiarity with the location or surrounding neighborhood.

In the present case, the evidence introduced at trial shows that Seaside Memorial Cemetery is located inside Corpus Christi close to major roads and surrounded by city streets. The record thus shows that there is nothing remote about the location.

The victim walked to a nearby motel after the assault. Judging from the esti-mated times involved, it appears that the motel was only a few minutes from the cemetery.

All the evidence indicates that the victim was abducted and released during daylight hours. The climatic conditions described in the record as cold (40) and overcast, suggest that the victim would have been uncomfortable but not necessarily in danger, especially given the close proximity of assistance.

The victim was beaten during the attack, but she apparently was able to walk to summon assistance. The record does not show that the victim was left naked in the cemetery, in fact, it shows that she was not forced to remove her clothing.

Neither the State nor the defendant introduced any evidence regarding the character of the neighborhood, such as crime statistics or inherent dangers. The victim had lived in Corpus Christi her entire life and appeared to be familiar with the place of her release.

The State introduced no evidence showing that the cemetery was an unsafe place. We therefore conclude that the trial court erred in instructing the jury that the aggravated kidnapping was a first degree felony.

Since appellant did not object to the trial court's charge, we now turn to consider whether the error is fundamental, applying *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985), and later cases.

In this case, the trial court should have instructed the jury that the defendant was guilty of a second degree felony. Punishment for a second degree felony is confinement for a term of years not more than twenty (20) or less than two (2) and a fine not to exceed $10,000. TEX. PENAL CODE ANN. Sec. 12.33 (Vernon 1974). Punishment for a first degree felony is confinement for life or for a term of years not more than 99 and not less than five, and a fine not to exceed $10,000. The jury assessed punishment at life in the Texas Department of Corrections. Since the jury assessed a punishment beyond that which

the evidence legally authorized, we conclude that the trial court's error was fundamental. *Torres v. State*, 698 S.W.2d 677 (Tex.Crim.App.1985); *Uribe v. State*, 688 S.W.2d 534 (Tex.Crim.App.1985).

The trial court's error might not have been fundamental had the State introduced sufficient evidence showing that the location of the victim's release was unsafe. If the evidence had been sufficient to create a fact issue on "safeness," the trial court's instruction may not have risen to the level of egregious harm. However, because no evidence was introduced to support a finding of "unsafeness," a rational trier of fact could not have found beyond a reasonable doubt that the victim was not released alive in a safe place. Appellant's first three grounds of error are sustained. We reverse the conviction for the offense of aggravated kidnapping.

Although appellant does not raise the following contention in a specific ground of error, he contends that the erroneous punishment range authorized on the aggravated kidnapping might have influenced the jury's assessment of punishment on the aggravated sexual assault. Appellant notes that the range of punishment reflects society's statement of the seriousness of the crime and necessarily influences the jury in its punishment decisions. *Uribe*, 688 S.W.2d 534. He argues that the trial court, by instructing the jury that appellant was guilty of two first degree felonies, "may well have influenced the jury to assess a life sentence" on the aggravated sexual assault, and requests a reversal of both convictions. Appellant confesses that it is "impossible to determine what factors may have contributed to the severity of the sentence." The evidence surrounding the sexual assault overwhelmingly supports the conviction for aggravated sexual assault and the punishment assessed by the jury for such offense. Since *Almanza* requires a defendant to show actual egregious harm to gain a reversal in the absence of a trial objection, appellant is not entitled to a reversal of his aggravated sexual assault conviction. He

has not shown actual egregious harm. The harm, if any, is only speculative and the degree of harm, if any, certainly is not egregious.

In appellant's fourth ground of error, he contends that the trial court erred in allowing the jury to find him guilty of both aggravated sexual assault and aggravated kidnapping in one trial. Appellant relies on *McIntire v. State*, 698 S.W.2d 652 (Tex.Crim.App.1985); *Ex parte Siller*, 686 S.W.2d 617 (Tex.Crim.App.1985); and *Drake v. State*, 686 S.W.2d 935 (Tex.Crim. App.1985). *McIntire, Siller,* and *Drake* concern multiple convictions arising out of one indictment. In the present case, appellant was separately indicted for each offense. Appellant moved for consolidation of the offenses for trial. *McIntire, Siller,* and *Drake* do not prohibit the consolidation of offenses for trial.

The facts here are almost identical to those in *Ex parte Wornell*, 633 S.W.2d 904 (Tex.Crim.App.1982), where the Court upheld multiple convictions resulting from separate indictments obtained in one trial. Appellant's fourth ground of error is overruled.

In his fifth and sixth grounds of error, appellant contends that the evidence is insufficient to show that he used or threatened to use deadly force. The evidence shows that appellant used a pocket knife with a blade approximately four inches long during the kidnapping. He repeatedly poked the victim with the knife, causing no serious injuries, but apparently communicating his willingness to use the knife to accomplish his goals. The knife was constantly held close to the victim's body. At one point, the knife was put to the victim's throat. Although appellant never expressed vocally an intent to kill or cause serious bodily injury, the close proximity of the knife to the victim's body and throat, the repeated poking of the victim, appellant's beating of the victim, and his threat to cut her throat combined to convey his message that the knife was capable of causing serious bodily injury or death. *Tisdale v. State*, 686 S.W.2d 110 (Tex.Crim.

App.1985); *Sweeten v. State*, 686 S.W.2d 680 (Tex.App.—Corpus Christi 1985, no pet.). Appellant's fifth and sixth grounds of error are overruled.

Accordingly, appellant's conviction and life sentence for aggravated sexual assault is AFFIRMED (Cause No. 13–85–348–CR). Appellant's conviction for aggravated kidnapping is REVERSED and the cause REMANDED for new trial to the trial court (Cause No. 13–85–347–CR).