**Miguel AREVALO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00580–CR.**

Court of Appeals of Texas, San Antonio.

April 27, 1988.

Emilio Alva, Laredo, for appellant.

Joe Flores, Dist. Attys. Office, Laredo, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for aggravated kidnapping. TEX.PENAL CODE § 20.04(a)(5) (Vernon 1974). During the first phase of the trial the jury found appellant guilty of aggravated kidnapping and further found that he did not voluntarily release the victim alive and in a safe place. His punishment was assessed by the jury at fifty (50) years' confinement and a fine of $5,000.00.

In four points of error appellant complains of the charge submitted to the jury during the guilt-innocence phase, of the sufficiency of the evidence to support the conviction, and of the court's refusal to accept proffered mitigation testimony dur-

ing the punishment phase. We affirm the judgment of conviction.

The first point of error contends that the trial court erred in submitting, over timely objection, a portion of the charge on guilt or innocence that applied the law to the facts. The application paragraphs read as follows:

### V.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 7th day of March, 1986, in Webb County, Texas, the defendant MIGUEL AREVALO, did then and there knowingly abduct another person, to-wit: Guadalupe Martinez and without Guadalupe Martinez's consent did then and there restrain Guadalupe Martinez with intent to prevent liberation of Guadalupe Martinez by secreting and holding him in a place where he was not likely to be found with the intent to terrorize the said Guadalupe Martinez and you further find beyond a reasonable doubt that the defendant did not voluntarily release Guadalupe Martinez alive and in a safe place, you will find the defendant guilty of the offense of Aggravated Kidnapping and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of Aggravated Kidnapping and proceed to consider whether the defendant is guilty of a lesser included offense of Aggravated Kidnapping.[1]

### VI.

Now if you find from the evidence beyond a reasonable doubt that on or about the 7th day of March, 1986, in Webb County, Texas, the defendant MIGUEL AREVADO, did then and there knowingly abduct another person, to-wit: Guadalupe Martinez and without Guadalupe Martinez's consent did then and there restrain Guadalupe Martinez with intent to prevent liberation of Guadalupe Martinez by secreting and holding him in a place where he was not likely to be found with the intent to terrorize the said Guadalupe Martinez and you further find beyond a reasonable doubt that the defendant did voluntarily release Guadalupe Martinez alive and in a safe place you will find the defendant guilty of the lesser included offense of Aggravated Kidnapping and so say by a verdict; but if you do have a reasonable doubt thereof, you will acquit the defendant of the lesser included offense of Aggravated Kidnapping and proceed to consider whether the defendant is guilty of the lesser included offense of kidnapping.

■ TEX.CODE CRIM.PROC.ANN. art. 36.14 requires a defendant to present written objection to the charge "distinctly specifying" each ground of objection. It is permissible, as was done here, to dictate the objections to the court reporter in the presence of the court and State's counsel before the charge is read to the jury. The defendant may also, by a special requested instruction, call the court's attention to errors or omissions in the charge. *See* TEX. CODE CRIM.PROC.ANN. art. 36.15.

Appellant did submit in writing a complete proposed charge. The proposed charge contained a separate paragraph as follows:

If you have found the Defendant guilty beyond a reasonable doubt of the offense of Aggravated Kidnapping, and you further find beyond a reasonable doubt that the Defendant did not voluntarily release Guadalupe Martinez alive and in a safe place you will so state in your verdict, but if you do not so believe or if you have a reasonable doubt thereof, you will find that the Defendant did voluntarily release Guadalupe Martinez alive and in a safe place.

Appellant also dictated objections into the record complaining of the inclusion of the question of voluntary safe release in the two paragraphs applying the law to the

---

1. There is, of course, no offense of aggravated kidnapping that is a lesser included offense to aggravated kidnapping. We feel the use of the term "lesser included offense of aggravated kid-

napping" was inappropriate but did not in any way contribute to the appellant's conviction. There was no objection below to this language nor related complaint made before this Court.

facts. The reason stated was that it brought out "an additional element, which is not stated in the indictment and is not part of the offense." Appellant requested that the issue whether or not the victim was released in a safe place and alive be inquired into in a separate paragraph "calling for just a simple finding on that" and made reference to his proposed charge above. In his brief in this Court appellant consistently argues that he "was entitled to an independent and lone separate finding on this issue of mitigation of punishment," and the charge as submitted "allowed an improper expansion of the elements as alleged in the indictment and constitutes error." [2]

■ Suffice it to say, no defendant has a right to have special issues submitted to a jury in any criminal case except a capital case. *Stewart v. State*, 686 S.W.2d 118, 124 (Tex.Crim.App.1984). The trial judge acted properly in denying appellant's request for a separate finding on voluntary safe release of the victim.

■ Appellant's objection that the voluntary release issue was not plead in the indictment is without merit. The issue is neither an element of the offense nor an exception that must be plead. *Smith v. State*, 541 S.W.2d 831, 838 (Tex.Crim.App. 1976). Whether or not the defendant released the victim alive and in a safe place was a fact question mandated by TEX.PENAL CODE ANN. § 20.04(b) requiring a finding by the trier of fact, here the jury. *Thornburg v. State*, 699 S.W.2d 918, 921 (Tex.App.—Houston [1st Dist.] 1985, no pet.).

■ Though there are no cases reversing an aggravated kidnapping case for submitting the issue of voluntary safe release during the guilt phase of the trial, since the issue relates only to punishment, the far better practice would be to submit the issue during the punishment phase. *See Brazile v. State*, 497 S.W.2d 302, 304 (Tex. Crim.App.1973) (Issue of malice in a mur-

der trial). In *Wright v. State*, 571 S.W.2d 24, 25 (Tex.Crim.App.1978) the Court of Criminal Appeals approved in substance a charge submitting the issue in the jury charge on punishment. This authority was followed in *Thornburg v. State*, *supra* and *Williams v. State*, 718 S.W.2d 772, 773 (Tex.App.—Corpus Christi 1986, pet. granted). The appellant here did not object to the submission during the guilt phase, only that there was no separate submission.

Since the jury verdict stated that they found the appellant guilty of aggravated kidnapping and further found beyond a reasonable doubt that the appellant did not voluntarily release the victim alive and in a safe place, no harm amounting to reversible error is shown. *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984). We conclude beyond a reasonable doubt that the error urged made no contribution to the conviction or the punishment. The first point of error is overruled.

■ In his second point of error appellant contends that the trial court erred in including a definition of the word "terrorize" in its charge to the jury. The court defined "terrorize" as "to place any person in fear of imminent bodily injury." Appellant's argument challenging the definition of the word "terrorize" as given by the court is that the court did not have to define it because the word "terrorize" had no statutory definition, is a simple word and has a commonly understood meaning. Additionally, he complains that the definition of the word "terrorize" as submitted is a self-serving and incorrect definition which mislead the jury as to the applicable law to the facts. We do not agree with appellant. In our opinion the definition of the word "terrorize" is a correct definition and as submitted operated against the State, based upon the fact that it is a stricter, narrower definition as compared to the definition of the word "terrorize" as set

---

**2.** The only erroneous language in the charge was that portion of paragraph VI that put the burden on the defendant to prove that he did release the victim alive and in a safe place.

*Williams v. State*, 718 S.W.2d 772, 773–774 (Tex. App.—Corpus Christi 1986, pet. granted). Again, this was not objected to below or urged before us as error.

out in Webster's Dictionary.[3] In any event appellant has failed to show how he was harmed by the submitted definition of the word "terrorize." The point of error is without merit and is overruled.

In his third point of error, appellant complains of the sufficiency of the evidence to sustain the conviction.

The standard for reviewing sufficiency of the evidence in a criminal case requires that the reviewing court view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 563 (1979); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983).

▪ Appellant specifically contends that the evidence is insufficient to prove beyond a reasonable doubt that appellant abducted the complainant, i.e., restrained the complainant by secreting and holding him in a place where he was not likely to be found. TEX.PENAL CODE ANN. § 20.01(2)(A).

The complainant testified that on the day in question at about 1:30 p.m. while he was walking home from a friend's house, a car, driven by appellant, stopped beside him. One of the passengers, Simon Arevalo, exited the car and demanded money from complainant. The other passenger, Jose Navarro, also exited the car and got behind the complainant, put an ice-pick at complainant's back and forced complainant to get in the car by pushing complainant in the back with the ice-pick. In the car, appellant said he wanted his money that complainant owed him. Complainant denied owing appellant any money and was driven to a house at 613 Meadow, Laredo, Texas, where he was tied up with a rope and towing cable in the garage at that location. Complainant tried to escape but was prevented by a tackle by Jose Navarro and Simon Arevalo. Appellant still demanded his money and threatened to throw the complainant in the river if complainant did not give them the money. In a second

attempt to escape complainant was hit on the head with a pipe by Jose Navarro. Appellant attempted to rip off a gold chain around complainant's neck and demanded more from complainant. While in the garage Joe Navarro kept threatening complainant with the ice-pick. Also while in the garage complainant saw a police car arrive and appellant meet the policeman outside of the garage; that he could not yell to the police because Simon Arevalo had the ice-pick at his throat. After the policeman left, complainant told appellant that he had a stereo at his brother's house, and if they let him go, he would go get the stereo and give it to them. Appellant permitted complainant to make a phone call home, and complainant determined that the stereo was still in his brother's house. Jose Navarro and Simon Arevalo went to complainant's house at 2118 S. Pine and returned with the stereo and the speakers. Complainant was permitted to hook up the stereo and speakers, but they did not work. Appellant and the others agreed to take complainant back to 2118 S. Pine, to get them some money, approximately $75.00—to—$100.00. Appellant drove the car to 2118 S. Pine and complainant was permitted to go inside the house to get the money. Appellant was confronted by complainant's father and brother at the door and an altercation ensued resulting in complainant's brother Jesse being slashed in the stomach with an ice-pick. Complainant exited the house after obtaining a piece of pipe and started after appellant. Appellant backed off and left still threatening complainant.

Officer Abel Pena, a patrolman with the Laredo Police Department, testified that at approximately 3:00 p.m. on the day in question he was dispatched to 613 S. Meadow for a "felony" disturbance. Upon his arrival he was directed to the garage by appellant's wife where he met appellant who advised him everything was "okay," so he left the scene. At approximately 6:00 p.m. on the same day he went to 2118 S. Pine in response to a call from his dispatcher concerning threats and a kidnapping of the

---

**3.** "Terrorize" means "to fill with terror or anxiety; to coerce by threat or violence." WEB- STER'S THIRD NEW INTERNATIONAL DICTIONARY 2361 (1981).

complainant. Upon his arrival the complainant told him what happened.

■ Appellant's argument challenging the sufficiency of the evidence to prove "restraint" and "secreting and holding the victim in a place where he was not likely to be found" is based upon the premise that the defense witnesses testified contrary to that of the State's witnesses. A challenge to the sufficiency of the evidence cannot be upheld by a mere showing of contradiction in the testimony of witnesses. We hold that a rational trier of fact could have found beyond a reasonable doubt that appellant intentionally and knowingly abducted the complainant with intent to terrorize him. Appellant's point of error three is overruled.

■ In his final point of error, appellant contends that the court erred in "sustaining the State's objection to the introduction of mitigation testimony on behalf of the appellant at the punishment phase of the trial." From the state of the record we need not pass on whether or not the proffered evidence was admissible. Appellant has failed to show any harm that has prejudiced or biased his right to a fair and impartial trial by such exclusion. The point of error is overruled.

The judgment of conviction is affirmed.

ESQUIVEL, Justice, dissenting.

The majority overrules all of his points of error. I am not in accord with the majority as to their ruling on appellant's initial point of error. I would sustain appellant's point of error number one concerning the jury charge and reverse the judgment of conviction.

In his initial point of error appellant contends that "the court erred over defendant's timely objection in applying the law to the facts ..." in paragraph V and paragraph VI of the court's charge. In support of his contention appellant alleges that the charge as submitted constituted error in that the question of voluntary release of the victim allowed an improper expansion of the offense as alleged in the indictment; that whether or not the appellant voluntar-ily released the victim alive and in a safe place was made an element of the offense by the charge as submitted and that he was therefore denied a fair and impartial trial. I agree with the appellant and would sustain his initial point of error.

The complained of application paragraphs read as follows:

### V.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 7th day of March, 1986, in Webb County, Texas, the defendant MIGUEL AREVALO, did then and there knowingly abduct another person, to-wit: Guadalupe Martinez and without Guadalupe Martinez's consent did then and there restrain Guadalupe Martinez with intent to prevent liberation of Guadalupe Martinez by secreting and holding him in a place where he was not likely to be found with the intent to terrorize the said Guadalupe Martinez and you further find beyond a reasonable doubt that the defendant did not voluntarily release Guadalupe Martinez alive and in a safe place, you will find the defendant guilty of the offense of Aggravated Kidnapping and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the offense of aggravated kidnapping and proceed to consider whether the defendant is guilty of a lesser included offense of aggravated kidnapping.

### VI.

Now if you find from the evidence beyond a reasonable doubt that on or about the 7th day of March, 1986, in Webb County, Texas, the defendant MIGUEL AREVALO, did then and there knowingly abduct another person, to-wit: Guadalupe Martinez and without Guadalupe Martinez's consent did then and there restrain Guadalupe Martinez with intent to prevent liberation of Guadalupe Martinez by secreting and holding him in a place where he was not likely to be found with the intent to terrorize the said Guadalupe Martinez and you further find

beyond a reasonable doubt that the defendant did voluntarily release Guadalupe Martinez alive and in a safe place you will find the defendant guilty of the lesser included offense of aggravated kidnapping and so say by a verdict; but if you do have a reasonable doubt thereof, you will acquit the defendant of the lesser included offense of aggravated kidnapping and proceed to consider whether the defendant is guilty of the lesser included offense of kidnapping.

There is no lesser included offense of aggravated kidnapping to aggravated kidnapping as erroneously stated by the trial court in application paragraphs V and VI. TEX.PENAL CODE § 20.04(b) provides that the crime of aggravated kidnapping is a first degree felony. It further provides for a reduction of punishment by declaring the crime of aggravated kidnapping to be second degree felony if the kidnapper "voluntarily releases the victim alive and in a safe place." Even though this section differentiates between felony of the first degree and felony of the second degree by whether the victim was released alive and in a safe place we cannot agree with the trial court that it creates the "lesser included offense of aggravated kidnapping." A lesser included offense is one composed of some, but not all, of the elements of the greater crime, and which does not have any element not included in the greater offense. BLACK'S LAW DICTIONARY 812 (5th ed. 1979). The elements of aggravated kidnapping are set out in section 20.04(a).

The submitted paragraphs, as worded, erroneously made the release of the victim alive and in a safe place an element of the offense of aggravated kidnapping. Paragraph V instructs the jury to find appellant guilty of aggravated kidnapping if they found, inter-alia, beyond a reasonable doubt that appellant "did not" voluntarily release the victim, Guadalupe Martinez, alive and in a safe place; paragraph VI instructs the jury to find appellant guilty of "the lesser included offense of aggrava-

ted kidnapping" if they found, inter-alia, beyond a reasonable doubt that appellant "did" voluntarily release Guadalupe Martinez, the victim, alive and in a safe place. Instruction number VI erroneously instructs the jury that if they "have a reasonable doubt" that the appellant did voluntarily release Guadalupe Martinez alive and in a safe place that they acquit the defendant of aggravated kidnapping. It is well settled that release of the victim alive and in a safe place is not an element of aggravated kidnapping. *See Butler v. State,* 645 S.W.2d 820, 823 (Tex.Crim.App.1983). Accordingly, the court erred in submitting paragraphs V and VI as worded.

It is well settled that the automatic reversal rule for "fundamental error" in the court's charge to the jury has been abolished by *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985) (Opinion on State's Motion for Rehearing). *Almanza* held that if there was a timely objection to an erroneous charge, reversal is required if the error was "calculated to injure the rights of the defendant" which means no more than there must be some harm. *Id.* at 171. In the instant case there was a timely objection to the charge as submitted. I have therefore looked at the entire charge and find it to mislead the jury in applying the law to the facts and to be of a very confusing nature; I have looked at the evidence presented, including the contested issue of whether or not the victim was released alive and in a safe place; I have looked at the argument of counsel and the entire record including the punishment assessed by the jury and can reach no conclusion other than that the defendant was harmed by the submission of the erroneous charge. Had the charge concerning release of the victim been properly submitted it is very possible that a different result could have been reached by the jury which would have definitely affected defendant's guilt or innocence and his punishment if any were to be assessed.[1] I cannot conclude beyond a

---

1. It would have been better to submit a charge on voluntary release as follows:

   If you have found the defendant guilty beyond a reasonable doubt of the offense of

   aggravated kidnapping, and you further find beyond a reasonable doubt that the defendant did not voluntarily release (victim) alive and in a safe place you will so state in your

reasonable doubt that the error made no contribution to the conviction. TEX.R. APP.P. 81(b)(2). Appellant was denied a fair trial. Appellant's first point of error should be sustained.

The judgment of conviction should be reversed and the cause is remanded to the trial court for a new trial.

verdict, but if you do not so believe or if you have a reasonable doubt thereof, you will find that the defendant did voluntarily release (victim) alive and in a safe place. M. McCOR-

MICK & T. BLACKWELL, TEXAS CRIMINAL FORMS AND TRIAL MANUAL § 94.03 (Texas Practice 1985).