Hugo Paredes CAICEDO, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–88–524–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 6, 1989.

James T. Stafford, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

SEARS, Justice.

A jury convicted Hugo Paredes Caicedo, appellant, of the aggravated kidnapping of William Sanchez. In five points of error appellant claims (1) he was denied a speedy trial; (2) the evidence was insufficient to show that appellant did not voluntarily release his victim in a safe place, and (3) the trial court erred in submitting the issue of voluntary release of the victim without proper definition and without proper application of the facts to the case. We affirm.

In 1987 William Sanchez was living in Houston and was making his living selling cocaine with his partner Albert Bustamante. The day Sanchez was kidnapped he and Bustamante went to the home of a customer named Howard. Jairo Guzman, Eder Caicedo, Hugo Caicedo, and Jones Valencia also went to Howard's house that day. Bustamante received a call on his beeper, answered the call, received an order for cocaine, and told appellant to go with Eder Caicedo to Sanchez' apartment to pick up the cocaine.

Guzman followed Sanchez and Eder Caicedo out the door. A vehicle was blocking Sanchez' car so Sanchez asked Guzman to move it. At that time appellant and Valencia had also come out of Howard's house. As Sanchez opened the door, Guzman drew a .45 caliber revolver, struck Sanchez with the revolver and told him to get in the car. Valencia was carrying an Uzi machine gun

and told Sanchez to get in the car or they would kill him. Valencia stabbed Sanchez in the leg and arm with a knife held in one hand and pointed an Uzi at Sanchez with the other hand. Appellant hit Sanchez on the chest with the .38 caliber revolver and ordered him to get in the car or he would kill him. Guzman then handcuffed Sanchez and shot at Sanchez' feet.

Bustamante then came out of Howard's house. Bustamante saw Guzman with a gun and ran back toward the house. Guzman and Valencia followed Bustamante into the house and fatally shot him. Appellant again aimed a .38 caliber revolver at Sanchez and ordered him in the car. Guzman and Valencia ran out of Howard's house and got in the car. Guzman then asked Sanchez where he lived. Sanchez did not immediately reply so Valencia placed the barrel of the Uzi in front of Sanchez' face and fired, breaking a window in the car. Sanchez promptly gave Guzman directions to his apartment.

When the five men arrived at Sanchez' apartment Guzman, appellant, and Eder Caicedo went into the apartment. Sanchez stayed in the car and Valencia guarded Sanchez with the Uzi. Sanchez tried to open the car door, but Valencia told Sanchez not to open the door or he would kill him. Guzman, appellant, and Eder Caicedo came back from Sanchez' apartment with a plastic bag containing money and cocaine. Guzman put the bag in the car, grabbed Sanchez by the collar, and told him to get out of the car. Valencia hit Sanchez on the head with the Uzi as Guzman was pulling Sanchez out of the car. Sanchez asked Guzman not to kill him. At that moment, Bruce Wiley, a resident of the apartment complex, approached. Sanchez warned Guzman that he would not want to kill him with a witness present. Guzman kept asking "where, where is he" as Sanchez, still handcuffed, walked away begging Guzman not to kill him.

■ In his first point of error appellant claims the trial court erred in overruling his motion for speedy trial in violation of the sixth and fourteenth amendments of the United States Constitution and article I, section 10 of the Texas Constitution. Appellant was indicted on September 17, 1987. He was tried on May 23, 1988. Appellant claims the State violated his right to speedy trial by delaying his trial by more than eight months.

The factors to be considered in analyzing an alleged violation of an accused's right to a speedy trial are: (1) length of the delay, (2) reason for the delay, (3) prejudice to the defendant, and (4) possible waiver by the accused. *Courtney v. State*, 472 S.W.2d 151, 153 (Tex.Crim.App.1971). The record in this case contains several agreed resettings of the case signed by both the state and the attorney for appellant. One agreed resetting is also signed by appellant. The delay in bringing appellant to trial was due to the agreed resettings; therefore, appellant waived his right to speedy trial under the sixth and fourteenth amendments to the United States Constitution and article I, section 10 of the Texas Constitution. *See Harlow v. United States*, 301 F.2d 361, 366 (5th Cir.1962) *cert. denied*, 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed.2d 56 (1962). Appellant's first point of error is overruled.

In his second, third, and fourth points of error appellant contends the evidence was insufficient to support the jury's finding that appellant did not voluntarily release his victim alive and in a safe place.

■ Aggravated kidnapping is a first degree felony unless the evidence shows both that the defendant voluntarily released his victim and that the victim was released in a safe place. Tex. Penal Code Ann. § 20.04(b) (Vernon 1976). Whether the accused voluntarily released the victim in a safe place is a fact question for the trier of fact to decide. *Thornburg v. State*, 699 S.W.2d 918, 921 (Tex.App.—Houston [1st Dist.] 1985, no pet.). We will uphold the jury's finding that appellant did not voluntarily release Sanchez in a safe place if, after viewing the evidence in the light most favorable to the jury's finding, we determine that any rational trier of fact could have found that the release of Sanchez was involuntary. *See Jackson v. Virginia*, 443

U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The evidence shows that appellant was armed with a .38 caliber revolver, that he had threatened to kill Sanchez earlier, and that appellant never removed the handcuffs from Sanchez' wrists. Further, Valencia fired an Uzi while holding it to Sanchez' face, and guarded Sanchez with an Uzi while appellant and Guzman were in Sanchez' apartment. At the time Sanchez walked away, Guzman was still pointing a gun at Sanchez' back. Sanchez feared that he would have been killed if Bruce Wiley had not approached the scene. Considering all of the evidence in the case, we conclude that any rational trier of fact could have found that appellant did not release Sanchez voluntarily. Appellant's second, third, and fourth points of error are overruled.

■ In his fifth point of error appellant claims the trial court erred in submitting to the jury a separate issue on the question of voluntary release of the victim without proper definition and without proper application of the law to the facts of the case.

The jury was charged as follows:

Now, if you have found the Defendant guilty of aggravated kidnapping, as defined in this charge, and only in that event, you must determine whether or not the defendant voluntarily released the victim alive and in a safe place.

Do you the Jury find the defendant voluntarily released the victim alive and in a safe place, in the commission of the offense for which he has been convicted?

Answer: "We do" or "We do not"

Answer: <u>We do not</u>

Appellant failed to object at trial to the submission of the special issue or the wording of the special issue on the grounds he now asserts on appeal. Therefore, he is entitled to reversal only if he has demonstrated such egregious harm that he was denied a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim. App.1985).

The issue of the voluntary release of a victim in a safe place is a question of mitigation of punishment. *Sanchez v. State,* 722 S.W.2d 781 (Tex.App.—Dallas, 1986, pet. ref'd). The voluntariness of the victim's release is neither an element of the offense, nor an issue that must be pled. *Smith v. State,* 541 S.W.2d 831, 838 (Tex. Crim.App.1976) *cert. denied,* 430 U.S. 937, 97 S.Ct. 1565, 51 L.Ed.2d 783 (1977). Whether the defendant released the victim alive and in a safe place was a fact question mandated by Texas Penal Code Annotated section 20.04(b) (Vernon 1976). *Thornburg v. State,* 699 S.W.2d at 921. Because the voluntariness issue is not an element of the offense but merely a question of mitigation of punishment, the deletion of the State's burden of proof cannot be construed to inure to appellant's egregious harm. *Cf. Lawrence v. State,* 700 S.W.2d 208, 213 (Tex.Crim.App.1985) (deletion of State's burden of proof on absence of sudden passion in murder application paragraph not egregious harm).

We find that the jury could easily have believed Sanchez was never released voluntarily because he was still handcuffed and walking away begging for his life. We find no fundamental error or egregious error and appellant's fifth point of error is overruled.

The judgment of conviction is affirmed.