arpaia 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00129-CR







Michael Del Anthony Arpaia, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 6310, HONORABLE JOE CARROLL, JUDGE PRESIDING







 A jury convicted appellant Michael Del Anthony Arpaia of aggravated kidnapping. 
Penal Code, 63d Leg., R.S., ch. 399, § 20.04(a)(4), 1973 Tex. Gen. Laws 883, 915 (Tex. Penal
Code Ann. § 20.04(a)(4), since amended). The court assessed punishment at imprisonment for
forty-eight years. See Tex. Penal Code Ann. § 12.32(a) (West 1994). Appellant challenges his
conviction by two points of error, alleging that (1) the evidence was factually insufficient to
support punishment of the kidnapping as a first degree felony and (2) he received ineffective
assistance of counsel at both the trial and punishment stages. We will affirm appellant's
conviction.



BACKGROUND 


 Appellant and the complainant became romantically involved while they were living
in Virginia. The couple subsequently moved to Lampasas, Texas, and began living with the
complainant's parents. The relationship deteriorated, and the complainant asked appellant to leave on August 17, 1993. Appellant tried to contact the complainant a few times, but she
indicated to him that their relationship was finished.

 On the evening of August 26, 1993, the complainant was walking her dog when
appellant approached her from behind, grabbed her by the hair, pulled a utility knife out of his
pocket, forced her to walk down a set of railroad tracks, and eventually forced her off of the
railroad tracks and through a pasture gate, where he pushed her to the ground. Appellant
unsuccessfully attempted sexual intercourse with the complainant. He released the complainant
when she promised to tell no one about the attack; however, she later related the incident to her
mother, who persuaded her to tell the police.

 After a jury trial, appellant was convicted of aggravated kidnapping. (1) Appellant
elected to go to the trial court for sentencing, and punishment was assessed at forty-eight years.



DISCUSSION


 In his first point of error, appellant argues that the evidence is factually insufficient
to support the jury verdict (2) finding him guilty of aggravated kidnapping in the first degree because
the evidence supports the conclusion that he released the victim in a safe place. Under the Penal
Code, aggravated kidnapping is a first degree felony "unless the actor voluntarily releases the
victim alive and in a safe place, in which event it is a felony of the second degree." Penal Code,
63d Leg., R.S., ch. 399, § 20.04(b), 1973 Tex. Gen. Laws 883, 915 (Tex. Penal Code Ann. §
20.04(b), since amended).

 The issue of safe release is properly litigated during the punishment phase of the
trial because release does not excuse or justify the commission of the kidnapping; it only mitigates
punishment. See Williams v. State, 851 S.W.2d 282, 286 (Tex. Crim. App. 1993). Because safe
release is not an element of aggravated kidnapping, the State is not required to allege in the
indictment that the victim was not released in a safe place. Butler v. State, 645 S.W.2d 820, 823
(Tex. Crim. App. 1983). If the issue is raised from any source, however, the burden is on the
State to prove beyond a reasonable doubt that the victim was not released in a safe place. Wright
v. State, 571 S.W.2d 24, 25 (Tex. Crim. App. 1978); see Williams, 851 S.W.2d at 286.

 Appellant contends that the evidence is factually insufficient to support the trial
court's conclusion that the offense should be punished as a first degree felony. (3) In Stone v. State,
this Court announced the standard for factual sufficiency review in criminal cases:



[T]he court views all the evidence without the prism of "in the light most favorable
to the prosecution." Because the court is not bound to view the evidence in the
light most favorable to the prosecution, it may consider the testimony of defense
witnesses and the existence of alternative hypotheses. . . . Before reversing a
conviction on this basis, the court should detail the evidence and clearly state why
the jury's verdict is so contrary to the overwhelming weight of the evidence as to
be manifestly unjust . . . .


Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd, untimely filed). 
Appellant argues that the trial court's finding is so against the great weight of the evidence as to
be manifestly unjust.

 Some of the factors to consider in determining whether the place of release was safe
include: (1) remoteness of the location, (2) proximity of authorities or persons who could aid or
assist; (3) time of day; (4) climatic conditions; (5) condition of the victim; (6) character of the
location or surrounding neighborhood; and (6) the victim's familiarity with the location or
surrounding neighborhood. Harris v. State, 882 S.W.2d 61, 65 (Tex. App.--Houston [14th Dist.]
1994, pet. ref'd); Williams v. State, 718 S.W.2d 772, 774 (Tex. App.--Corpus Christi 1986), rev'd
in part on other grounds, 851 S.W.2d 282 (Tex. Crim. App. 1993).

 The complainant testified that appellant first made contact with her on the street,
grabbed her by the hair, and forced her down railroad tracks into a field. When they reached a
fenced-in area of the field, appellant pulled her inside the fence and pushed her to the ground. 
Appellant tried to remove complainant's shirt, then dragged her through a gate forty to fifty feet
farther back into the field. After appellant unsuccessfully attempted sexual intercourse, he agreed
to release the complainant. They walked back to the gate together, then went in opposite
directions. The complainant testified that it was "just getting dark, good and dark" when appellant
released her.

 Officer Wesley Alexander of the Lampasas Police Department investigated the
offense. He testified that the complainant was taken about 363 feet up the railroad tracks, forced
130 feet off the track to a dirt road overgrown with weeds, forced approximately 240 feet to
where appellant knocked her to the ground, and then dragged 109 feet to where the sexual assault
occurred. He testified that the grass in the area was about knee-high, although some had been
mashed down due to a recent fire. When asked whether the area was populated, Alexander
responded, "This right here is a fairly remote area . . . but it can be seen from the feed mill and
stuff. . . . But back in here there is nothing . . . no houses or anything." He testified that if a
person were left injured in the area, it would be unlikely for the person to be found quickly
because "[i]t didn't look like there is very much traffic through there."

 Examining the evidence adduced at trial, we conclude that it was not against the
great weight and preponderance of the evidence for the trial court to conclude that a first degree
felony had occurred. The location was remote, the character of the location was isolated, with
tall grass acting as an additional shield to cover appellant's offense, and it was dark when the
complainant was released. On the other hand, the attack occurred during the summer so the
climatic conditions were safe, the complainant sustained no injuries that required medical
attention, and the complainant was familiar with the neighborhood surrounding the location where
the attack occurred. (4) Given that the factors support either an affirmative or negative finding on
safe release, we conclude that the trial court's determination that appellant committed first degree
aggravated kidnapping is not so against the great weight of the evidence as to be manifestly unjust. 
See Stone, 823 S.W.2d at 381. We overrule appellant's first point of error.

 In his second point of error, appellant argues that he received ineffective assistance
of counsel during both the guilt/innocence and punishment stages of his trial. Appellant argues
that counsel was deficient during the guilt/innocence phase by failing to object to the prosecutor's
questions about appellant's prior convictions, by failing to request a limiting instruction that the
convictions could be used for impeachment purposes only, and by failing to object to comments
made by the prosecutor during closing argument. Appellant argues that counsel's omissions
undermined his right to effective assistance of counsel. U.S. Const. amend. VI; Tex. Const. art.
I, § 10. (5)

 In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established
a two-prong test for assessing ineffectiveness of counsel: (1) the defendant must show that
counsel's performance was deficient, i.e., that counsel made errors so serious that counsel was
not functioning as the "counsel" mandated by the Sixth Amendment; and (2) the defendant must
show that the deficient performance prejudiced the defense, i.e., counsel's errors were so serious
as to deprive the defendant of a fair trial, a trial whose result is reliable. Id. at 687; see
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the Strickland
standards for determining ineffectiveness).

 Appellant initially challenges counsel's failure to object to the prosecutor's use of
appellant's prior convictions during trial. First, appellant argues that counsel failed to object to
questions by the prosecutor about who was at fault for appellant's prior convictions, thereby
allowing indirect inquiries into details of the offenses. Under Rule 609 of the Rules of Criminal
Evidence, a witness's prior conviction is admissible if the court determines that the probative
value outweighs the prejudicial effect. Tex. R. Crim. Evid. 609(a). An accused who testifies can
be impeached through the use of a prior final felony conviction or a crime involving moral
turpitude. Sinegal v. State, 789 S.W.2d 383, 387 (Tex. App.--Houston [1st Dist.] 1990, pet.
ref'd).

 In the instant cause, appellant testified during direct examination about his prior
convictions in Virginia for rape and possession of a firearm by a felon, and subsequently was
questioned about these offenses by the prosecutor. Examining the prosecutor's questions, we
conclude that he was not eliciting details about the prior convictions; he was merely attempting
to establish that appellant consistently refused to take responsibility for his prior convictions. 
Because appellant's main defense was that the complainant fabricated the attack in order to punish
him for ending their relationship, appellant's credibility was squarely at issue in this case. The
prosecutor used appellant's prior convictions solely to attack his credibility, and counsel's failure
to object was not error. Counsel's performance did not fall below an objective level of
competency by failing to object to the prosecutor's questions; nor can appellant show that he was
prejudiced by the prosecutor's proper questions.

 Appellant next argues that counsel was deficient by failing to request that the
court's charge include an instruction limiting the jury's use of the prior convictions to
impeachment. Appellant contends that the State's use of a remote conviction, a 1980 felony
burglary conviction which carried a sentence of twelve months, required the defense counsel to
request a limiting instruction. See Tex. R. Crim. Evid. 609(b) (prior conviction not admissible
if more than ten years old unless court determines probative value substantially outweighs
prejudicial effect). The trial court, upon request, must instruct the jury to limit evidence
admissible for one purpose but not another to its proper scope. Tex. R. Crim. Evid. 105(a). 
Relying on Ramirez v. State, 873 S.W.2d 757, 762-63 (Tex. App.--El Paso 1994, pet. ref'd),
appellant argues that the failure to request a limiting instruction, especially on the remote
conviction, coupled with the failure to object to the prosecutor's use of the prior convictions in
his closing argument, constitutes ineffective assistance sufficient to undermine confidence in the
verdict. See Strickland, 466 U.S. at 687.

 In Ramirez, the prosecutor questioned the defendant about a sixteen-year-old
murder conviction. Trial counsel had not attempted to discover whether the State intended to use
the prior murder conviction, failed to properly object to the State's use of the murder conviction
at trial, failed to request a limiting instruction, and did not object to the State's final argument in
which it used the prior conviction to argue the defendant's propensity to kill. Ramirez, 873
S.W.2d at 763.

 In contrast, appellant's counsel filed a pretrial motion in limine about the remote
conviction, which was granted. Before the State cross-examined appellant, counsel requested a
hearing on the motion in limine and objected to the State's use of the remote conviction. During
cross-examination and closing argument, the prosecutor used the convictions solely to attack
appellant's credibility, and not as improper character evidence. Ramirez does not control the
outcome in this situation; we are not confronted with the same types of egregious errors. 
Appellant can show neither deficient performance nor that he suffered prejudice as a result of any
error.

 Appellant also asserts that counsel failed to object to two improper arguments
during closing argument--one in which the prosecutor mischaracterized appellant's testimony
concerning the conviction for the firearm and one in which the prosecutor referred to the battered
woman syndrome. As to the mischaracterization, counsel elected to dispute the prosecutor's
version during counsel's closing argument. Undoubtedly, this was a tactical choice which counsel
was entitled to pursue. Appellant has not overcome the strong presumption that the decision not
to object "might be considered sound trial strategy." Strickland, 466 U.S. at 689 (quoting Michel
v. Louisiana, 350 U.S. 91, 101 (1955)). During closing argument, the prosecutor made a
reference to the "battered woman" syndrome. Appellant argues that this reference was outside
the record and, thus, his trial counsel should have objected. The prosecutor, however, is
permitted during closing argument to make reasonable deductions from the evidence. Kinnamon
v. State, 791 S.W.2d 84, 89 (Tex. Crim. App. 1990), overruled in part on other grounds, Cook
v. State, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994). The evidence at trial indicated that
appellant and complainant had several violent altercations before their relationship ended. 
Therefore, the prosecutor's reference was a reasonable deduction from the evidence, and counsel's
failure to object is not indicative of deficient performance. Having examined each of appellant's
arguments, we conclude that counsel's performance during the guilt/innocence phase was not
deficient, nor do any errors committed undermine our confidence in the outcome. See Strickland,
466 U.S. at 687.

 Appellant also argues ineffective assistance during the punishment phase because
the "safe place" issue was not raised before the trial court. Although the Supreme Court in
Strickland applied the test to a sentencing proceeding in a capital case, the Court noted that the
two-prong standard might not be appropriate for judging effectiveness during sentencing for non-capital cases. Id. at 686. Relying on this argument, the Court of Criminal Appeals determined
that the standard in sentencing proceedings under the Sixth Amendment is "reasonably effective
assistance of counsel." Ex parte Cruz, 739 S.W.2d 53, 58 (Tex. Crim. App. 1987); see Ex parte
Felton, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). (6) Reasonably effective counsel requires
neither errorless counsel nor the use of hindsight to judge counsel ineffective; we consider only
whether counsel was reasonably likely to render and actually rendered reasonably effective
assistance. See Felton, 815 S.W.2d at 735.

 Although trial counsel did not explicitly raise the safe place issue during the
sentencing phase of appellant's trial, that issue was raised during the guilt/innocence stage. We
are faced with an unusual situation in this cause because the trial court, rather than the jury,
assessed punishment. In Williams, the jury determined punishment, and the trial court instructed
the jury that appellant had committed aggravated kidnapping in the first degree and did not permit
the jury to consider whether the victim was released in a safe place. Williams, 718 S.W.2d at
774. In contrast, the instant cause has no jury charge on punishment because the court itself
decided that issue.

 Trial counsel raised the issue through his questioning of witnesses about the
complainant's condition, the distance of the place of release from the police station, and the
proximity of public streets to the place of release. The Court of Criminal Appeals has not
required that the defendant argue the issue specifically during the sentencing phase. See Williams,
851 S.W.2d at 286, 287 (trier of fact must resolve safe release issue if evidence raises it). But
see Buchanan v. State, 881 S.W.2d 376, 378 (Tex. App.--Houston [1st Dist.] 1994, pet. granted)
(safeness issue must be raised during punishment phase to preserve error). The record does not
indicate whether the trial court considered the issue during the punishment phase; however,
appellant points to nothing that indicates the trial court did not consider the issue. Because the
punishment phase was tried before the trial court and we have no written jury charge on this issue,
we must presume that the trial court applied the correct law to the facts before it. See Coonradt
v. State, 846 S.W.2d 874, 876 (Tex. App.--Houston [14th Dist.] 1992, pet. ref'd); Wallace v.
State, 770 S.W.2d 874, 876 (Tex. App.--Dallas 1989, pet. ref'd). Appellant's trial counsel raised
the safe release issue during the guilt/innocence phase, and we presume that the trial court
considered it during the sentencing phase. We conclude that appellant received reasonably
effective assistance of counsel during the punishment phase. See Cruz, 739 S.W.2d at 58. 
Appellant's second point of error is overruled.

 The judgment of the trial court is affirmed.



 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: April 12, 1995

Do Not Publish 
1.   The appellant was originally charged with aggravated kidnapping, aggravated
sexual assault, and assault with a deadly weapon, but the jury found him guilty only of
aggravated kidnapping.
2.   Since appellant elected to have the trial court determine punishment, appellant's
complaint actually concerns whether the trial court erred in assessing punishment for a
first degree felony.
3.   Appellant does not challenge the legal sufficiency of the evidence to support the
finding of a first degree felony. 
4.   Appellant argues that the "proximity of authorities or persons who could aid or
assist" factor also favors safe release because the complainant was released six to eight
blocks from the police station and the sheriff's department. This Court, however, views
the distance as significant and believes that this factor weighs against appellant. 
5.   Appellant does not indicate whether he is arguing that he was denied effective
assistance under either the federal or state constitutions. See McCambridge v. State, 712
S.W.2d 499, 501-02 n.9 (Tex. Crim. App. 1986), cert. denied, 495 U.S. 910 (1990)
(attorneys should analyze federal and state constitutional issues separately). We note, however,
that the federal and state standards for assessing ineffectiveness are substantially identical. See
Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986). We will therefore examine ineffectiveness under both the Texas and
U.S. Constitutions.
6.   The court in Felton questioned the continued use of the "reasonably effective assistance"
standard instead of the Strickland test, but ultimately applied the former test to counsel's
performance during the punishment phase. Felton, 815 S.W.2d at 736-37 n.4.